J-S26039-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTE JOHNSON | : | |
| | : | |
| Appellant | : | No. 1716 EDA 2018 |

Appeal from the PCRA Order May 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008687-2010

BEFORE: PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:            **FILED JUNE 04, 2019**

Donte Johnson (Johnson) appeals *pro se* from the order entered by the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

We derive the following relevant facts and procedural history from the trial court's November 14, 2018 opinion and our independent review of the record. On May 9, 2012, a jury convicted Johnson of one count each of first-degree murder, rape, involuntary deviate sexual intercourse, robbery, and burglary.[1] Johnson's conviction stems from his brutal rape and fatal

---

[1] 18 Pa.C.S. §§ 2502(a), 3121(a)(1), 3123(a)(1), 3701(a)(1)(i), and 3502(a), respectively.

---

\*   Retired Senior Judge assigned to the Superior Court.

strangulation of the victim, Sabina O'Donnell, in a vacant lot after he encountered her riding her bike. Johnson was eighteen years old at the time of his offense. The trial court sentenced him to a mandatory term of life imprisonment on the murder charge and a consecutive aggregate sentence of not less than forty nor more than eighty years' incarceration on the remaining offenses. This Court affirmed the judgment of sentence and our Supreme Court denied further review on April 2, 2014. (*See Commonwealth v. Johnson*, 87 A.3d 381 (Pa. Super. 2013), *appeal denied*, 89 A.3d 660 (Pa. 2014)).

Johnson, acting *pro se*, filed this timely PCRA petition on March 18, 2015. Appointed counsel then filed a motion for leave to withdraw and a *Turner/Finley*[2] no-merit letter. After issuing Rule 907 notice,[3] the PCRA court entered its order dismissing the petition and granting counsel's request to withdraw. This timely appeal followed.

On appeal, Johnson argues that his life sentence for the murder conviction is unconstitutional pursuant to *Miller v. Alabama*, 567 U.S. 460

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] *See* Pa.R.Crim.P. 907(1).

(2012). He also raises two claims of ineffective assistance of counsel. We begin by addressing his contention that is sentence is unconstitutional.[4]

By way of background, in **Miller**, the United States Supreme Court held that it is unconstitutional for states to sentence juvenile homicide defendants to mandatory sentences of life imprisonment without the possibility of parole. **See Miller**, **supra** at 465. In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the Court determined that its **Miller** holding constituted a substantive rule of constitutional law that must be applied retroactively to cases on collateral review. **See Montgomery**, **supra** at 736.

Johnson acknowledges that the **Miller** holding does not apply directly to him but nonetheless asserts that it should be extended to apply to defendants under the age of twenty-one as similarly situated to juvenile offenders. (**See** Johnson's Brief, at 17-23). However, our case law is clear that "the **Miller** decision applies to only those defendants who were under the age of 18 at the time of their crimes." **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016) (citation omitted). This Court has squarely rejected arguments seeking an extension of **Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding. **See id.**; **see also Commonwealth v. Rodriguez**, 174 A.3d 1130,

---

[4] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free of legal error. **See Commonwealth v. Bush**, 197 A.3d 285, 286–87 (Pa. Super. 2018).

1147 (Pa. Super. 2017), *appeal denied*, 186 A.3d 941 (Pa. 2018) (rejecting *Miller* claim where appellant acknowledged that he was eighteen years old at time he committed murder but argued that his immature and/or impulsive brain made him similar to juvenile). Accordingly, Johnson is not entitled to PCRA relief based on his contention that *Miller* should be extended.

Turning to Johnson's ineffective assistance of counsel claims, "it is well established that counsel is presumed to have rendered effective assistance." *Commonwealth v. Montalvo*, 2019 WL 1338433, at *7 (Pa. filed Mar. 26, 2019) (citation omitted). A court must examine "whether: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his actions or failure to act; and (3) the petitioner was prejudiced by counsel's deficient performance such that there is a reasonable probability that the result of the proceeding would have been different absent counsel's error or omission." *Id.* (citation omitted). "A petitioner's failure to satisfy any prong of the ineffectiveness test is fatal to the claim." *Id.* (citation omitted). "We are not required to analyze the elements of an ineffectiveness claim in any particular order; if a claim fails under any prong of the ineffectiveness test, the Court may proceed to that element first." *Id.* (citation omitted). "Moreover, counsel cannot be deemed ineffective for failing to raise a meritless claim." *Id.* (citation omitted).

Johnson first maintains that trial counsel was ineffective for failing to object to the prosecutor's comments during closing argument that he asserts

were prejudicial and inflammatory. (**See** Johnson's Brief, at 11-16). However, as the PCRA court points out, Johnson did not raise this issue in his PCRA petition. Our Supreme Court has explained: "Any claim not raised in the PCRA petition is waived and not cognizable on appeal." **Commonwealth v. Washington**, 927 A.2d 586, 601 (Pa. 2007); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, because Johnson did not raise this issue in his PCRA petition, we cannot consider it on appeal.

Last, Johnson maintains that trial counsel was ineffective for failing to investigate two brown hairs that were found on the victim's body. (**See** Johnson's Brief, at 24-28). He describes the potential DNA evidence as crucial and exculpatory and argues that it should have been tested. (**See id.**).

As the PCRA court explains, this claim lacks merit because:

> DNA evidence that **was** tested conclusively matched [Johnson]. That included DNA from vaginal and anal swabs taken from the decedent. (**See** N.T. Trial, 5/03/12, at 81-82, 86). Even assuming *arguendo* that a DNA test of hairs found on the decedent should show that they were not from [Johnson], that would not have exculpated [him] in light of the other DNA evidence in the case.

> Moreover, . . . the evidence at trial of [Johnson's] guilt was overwhelming, including video surveillance showing him following the victim, conclusive evidence of his semen in the victim's vagina and anus, and defendant's full and detailed confession. There is no further investigation of any kind that defense counsel could have pursued that would have led to a reasonable probability that the outcome of the trial would have been different. No relief is due.

- 5 -

(PCRA Court Opinion, 11/14/18, at 9-10) (citation formatting provided; emphasis in original).

After review of the record, we agree with the PCRA court's assessment and find Johnson's argument regarding the lack of testing of two hairs specious. Because counsel cannot be deemed ineffective for failing to raise a meritless claim, Johnson's final issue fails. **See Montalvo**, **supra** at *7.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/4/19