2018 PA Super 271

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LEE BUSH | : | |
| | : | |
| Appellant | : | No. 1300 WDA 2016 |

Appeal from the PCRA Order June 9, 2016
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0002740-2012

BEFORE: BOWES, J., NICHOLS, J., and STRASSBURGER*, J.

OPINION BY BOWES, J.: FILED OCTOBER 04, 2018

Anthony Lee Bush appeals from the order dismissing without a hearing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We vacate the order and remand for further proceedings consistent with this opinion.

Appellant was convicted of third-degree murder and endangering the welfare of a child. On April 29, 2013, Appellant was sentenced to an aggregate term of twenty-three-and-one-half to forty-seven years imprisonment. This Court affirmed Appellant's judgment of sentence, and our Supreme Court declined discretionary review. Commonwealth v. Bush, 107 A.3d 240 (Pa.Super. 2014) (unpublished memorandum), appeal denied, 112 A.3d 649 (Pa. 2015).

Appellant filed a timely pro se PCRA petition in February 2016. Counsel was promptly appointed, and on June 6, 2016, filed a motion to withdraw as

_____

* Retired Senior Judge assigned to the Superior Court.

counsel and a no-merit letter pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc). On June 9, 2016, the PCRA court granted counsel's motion and issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed a pro se notice of appeal, but was advised that there was no final order from which to appeal. The PCRA court issued the final order on July 26, 2016, and Appellant filed a timely notice of appeal.

Appellant presents the following issues for our review.

I.      Did [the PCRA] court and [PCRA] counsel adequately review court records pursuant to the methods set [forth] in Turner and Finley?

2. Did PCRA counsel misrepresent and fail to address Appellant[']s raised issues in the Turner/Finley letter; did [the PCRA] court improperly grant withdrawal of PCRA counsel giving Appellant no chance to respond and err in dismissing his PCRA petition?

Appellant's brief at 6.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." Commonwealth v. Johnson, 179 A.3d 1153, 1156 (Pa.Super. 2018) (internal quotation marks omitted).

The PCRA court opined that Appellant waived all claims for appeal by failing to file a Rule 1925(b) statement. PCRA Court Opinion, 1/5/17, at 2-3. The PCRA court is incorrect for several reasons. First, the PCRA court's order

- 2 -

directing Appellant to file a concise statement does not comply with Pa.R.A.P. 1925(b)(3). That subsection provides that the court's order directing the filing of a concise statement shall specify, inter alia, that the statement shall be filed of record and served on the judge, and that any issue not included in the statement shall be deemed waived. Id. Here, the PCRA court's order merely directs that a statement "be filed with the Court on or before October 21, 2016." Order 9/8/16. It does not specify that the statement had to both be filed with the court and served on the judge. More importantly, it does not advise Appellant that failure to comply would result in waiver. The deficiencies in the PCRA court's order preclude a finding of waiver. See, e.g., Commonwealth v. Jones, ___ A.3d ___, 2018 WL 3433387 at *3-*4 (Pa.Super. July 17, 2018).

Furthermore, the court docket fails to indicate when, or even if, the order to file a statement was served on Appellant as required by Pa.R.Crim.P. 114(C)(2)(c). We have repeatedly refused to find waiver in these circumstances. See Commonwealth v. Davis, 867 A.2d 585, 588 (Pa.Super. 2005) (en banc); Commonwealth v. Chester, 163 A.3d 470, 472 (Pa.Super. 2017); Commonwealth v. Williams, 959 A.2d 1252, 1256 (Pa.Super. 2008).

The Commonwealth advocates a different basis for finding Appellant's issues waived. It claims that waiver applies because Appellant raised his challenges to the effectiveness of PCRA counsel for the first time on appeal.

Commonwealth's brief at 18-19 (citing, inter alia, Commonwealth v. Pitts, 981 A.2d 875 (Pa. 2009)). The Commonwealth contends that Appellant should have stated his objections in response to counsel's motion to withdraw or to the court's Rule 907 notice. Id.

We observe that, in addition to claiming that PCRA counsel improperly withdrew, Appellant claims that the PCRA court erred in allowing counsel to withdraw. He avers that the PCRA court failed to conduct an independent review of the record and did not give him a chance to respond. Appellant's brief at 9. Thus, Appellant raises claims both of PCRA counsel's ineffectiveness and PCRA court error. Yet the record shows that, as with his claims of PCRA counsel's ineffectiveness, Appellant raised his claims of PCRA court error for the first time on appeal.

Appellant claims that he was not given the opportunity to respond. Appellant's brief at 9. The record supports Appellant's contention.

First, the record does not show that Appellant was properly advised of his right to respond to counsel's motion to withdraw. Counsel, in his letter addressed to the PCRA court, indicated that he "intends to provide" Appellant with a copy of the Turner/Finley letter, and that he "will advise [Appellant] that if undersigned counsel is permitted to withdraw, then [Appellant] can proceed pro se or employ his own private counsel." Turner/Finley Letter, 6/5/16, at 1-2. Counsel's certificate of service stated that Appellant was served with a copy of the letter and motion to withdraw. Id. at 12. There is

no additional correspondence in the record from counsel to Appellant regarding his rights.

To comply with the technical requirements of Turner and Finley, counsel must provide "a statement advising [the] petitioner of the right to proceed pro se or by new counsel." Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel's letter informed Appellant that his rights took effect only if withdrawal was permitted by the PCRA court. Accordingly, Appellant had no opportunity to respond before counsel withdrew.

Appellant did not have to wait long, as the PCRA court granted counsel's motion three days after it was filed, and simultaneously issued notice of its intent to dismiss Appellant's petition without a hearing. Order, 6/9/16. The order advised Appellant that he had the right to respond to the notice, pro se or through hired counsel, within twenty days. However, as with the Rule 1925(b) order discussed above, the docket does not indicate when, or even if, the June 9, 2016 order was served upon Appellant. Without proper entry of the order, its requirements were never triggered. Accord Commonwealth v. Jerman, 762 A.2d 366, 368 (Pa.Super. 2000) (holding time for filing notice of appeal never commenced because the docket did not indicate that the appellant was provided with a copy of the final order).

As our Supreme Court has explained, "due process requires that the post conviction process be fundamentally fair. Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a

meaningful manner." Commonwealth v. Bennett, 930 A.2d 1264, 1273 (Pa. 2007) (citations omitted). In this case, Appellant was denied the opportunity to advocate for himself as to his claims and counsel's compliance with Turner and Finley before the PCRA court ruled that the petition lacked merit and allowed counsel to withdraw. Further, we are uncomfortable finding waiver based upon Appellant's failure to file objections to the PCRA court's notice of intent to dismiss when the record does not show that the notice was served on Appellant, let alone that it was served in a timely manner.

We therefore vacate the trial court's order dismissing Appellant's petition. Upon remand, the PCRA court shall enter an order, in full compliance with Pa.R.Crim.P. 114, instructing Appellant to raise any and all objections he may have to the withdrawal of PCRA counsel and the dismissal of his petition. If the PCRA court concludes that Appellant identifies any arguably-meritorious issue, it shall appoint new counsel for the filing of an amended petition. If the PCRA court concludes that Appellant failed to assert any issues of merit, then it shall dismiss his petition by order that is entered in full compliance with Pa.R.Crim.P. 114, and Appellant may file a new appeal from that order.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/4/2018