J-S07043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BARRY BURNELL BECKER | : | |
| | : | |
| Appellant | : | No. 1259 MDA 2018 |

Appeal from the PCRA Order Entered July 3, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002140-2010

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J        **FILED: MARCH 25, 2019**

Barry Burnell Becker (Becker) appeals from the order entered by the Court of Common Pleas of York County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We derive the following relevant facts and procedural history from our independent review of the certified record.  On October 21, 2011, Becker entered an open guilty plea to Indecent Assault, Corruption of Minors, and Unlawful Contact With a Minor.[1]  The charges stem from Becker's sexual abuse of a minor, A.K., over an approximately five-year period.  On April 24, 2012, following a hearing, the trial court sentenced Becker to an aggregate term of not less than twenty-one months nor more than fourteen years of

_____

[1] 18 Pa.C.S. §§ 3126, 6301, and 6318, respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

incarceration, designated him a Sexually Violent Predator (SVP), and advised him that he would be required to register under the then-existing sexual offender registry law, Megan's Law III.  Becker did not file a direct appeal.

On December 29, 2017, Becker, acting *pro se*, filed the instant, untimely PCRA petition.  Appointed counsel filed an amended petition seeking removal of all Sex Offender Registration and Notification Act (SORNA I)[2] registration requirements pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189, 1195 (Pa. 2017) (Opinion Announcing the Judgment of the Court), *cert. denied sub nom* **Pennsylvania v. Muniz**, 138 S.Ct. 925 (2018).[3]  In this filing, Becker noted that his conviction predated enactment of SORNA and he sought a declaration that he was not subject to retroactive application of SORNA's registration provisions.[4]  While the petition was pending, on February 21,

---

[2] 42 Pa.C.S. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective.  Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective.  42 Pa.C.S. §§ 9799.51-9799.75 (SORNA II).

[3] The **Muniz** Court held that the registration requirements set forth under SORNA I constitute punishment and, therefore, their retroactive application violates the *ex post facto* clauses of the Pennsylvania and United States Constitutions.  **See Muniz**, **supra** at 1193.

[4] Although counsel styled the filing as an amended PCRA petition and/or a petition for writ of *habeas corpus*, "[a] petition of the sort [Becker] filed—a post-conviction petition for a declaration that he is not subject to SORNA, filed in the Court of Common Pleas and against the Commonwealth—is subsumed under the PCRA."  **Commonwealth v. Greco**, 2019 WL 510129, at *4 (Pa. Super. filed Feb. 8, 2019).

2018, the legislature amended and replaced SORNA I with SORNA II. After issuing notice of its intent to do so, the PCRA court dismissed Becker's PCRA petition without a hearing, *See* Pa.R.Crim.P. 907(1). Becker timely appealed. The PCRA court and Becker complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925.

On appeal, Becker chiefly argues that SORNA II, like SORNA I, is punitive and cannot be applied to him retroactively under the reasoning of *Muniz*. (*See* Becker's Brief, at 13-14).[5] However, "[b]efore we can address the merits of the issues raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional. 42 Pa.C.S. § 9545(b)." *Commonwealth v. Graves*, 197 A.3d 1182, 1185 (Pa. Super. 2018). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." *Id.* (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted above, the instant petition is patently untimely because Becker filed it more than five years after his judgment of sentence became final. Therefore, we have no jurisdiction to consider it unless Becker pled and proved

---

[5] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free of legal error. *See Commonwealth v. Bush*, 197 A.3d 285, 286–87 (Pa. Super. 2018).

one of the three limited exceptions to the PCRA's one-year time limitation set forth in section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see also Graves*, *supra* at 1186.

Becker invokes the applicability of the newly-recognized constitutional right exception at Section 9545(b)(1)(iii) by arguing a right to relief predicated on an extension of *Muniz* to SORNA II. (*See* Amended PCRA Petition, at 4 ¶ 13; Becker's Brief, at 13-16). However, this Court has recently held that "the rule recognized in *Muniz* does not establish a timeliness exception to the PCRA." *Greco*, *supra* at *4 (citation omitted). The *Greco* Court explained:

> Appellant's reliance on *Muniz* cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). . . . [W]e acknowledge that this Court has declared that, "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). *See* [*Commonwealth v.*] *Abdul-Salaam*, [571 Pa. 219, 812 A.2d 497, 501 (2002)]. Because at this time, no

such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception.

**Id.** (quoting **Commonwealth v. Murphy**, 180 A.3d 402, 405 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018)).

Because Becker's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. **See Graves**, **supra** at 1186. Accordingly, we affirm the order of the PCRA court dismissing Becker's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/25/2019