J-S36038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS LYNN DEITZ | : | |
| | : | |
| Appellant | : | No. 200 MDA 2019 |

Appeal from the PCRA Order Entered January 4, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000466-2006

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS LYNN DEITZ | : | |
| | : | |
| Appellant | : | No. 201 MDA 2019 |

Appeal from the PCRA Order Entered January 4, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s): CP-44-CR-0000038-2007

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED JULY 16, 2019**

In these consolidated cases, Dennis Lynn Deitz (Deitz) appeals from the order entered by the Court of Common Pleas of Mifflin County (PCRA court) dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

_____
* Retired Senior Judge assigned to the Superior Court.

We derive the following relevant facts and procedural history from our independent review of the record. On September 18, 2007, a jury convicted Deitz of Sexual Assault, Statutory Sexual Assault, and Incest at Docket No. CP-44-CR-0000466-2006, and Aggravated Indecent Assault, Statutory Sexual Assault, Incest, Endangering the Welfare of a Child, Corruption of Minors, and Indecent Assault at Docket No. CP-44-CR-0000038-2007.[1] The charges stem from Deitz's long-term sexual abuse of his daughter, A.D., resulting in her pregnancy and the birth of a daughter. The trial court sentenced Deitz to an aggregate term of not less than fourteen nor more than twenty-eight years' imprisonment, designated him a Sexually Violent Predator, and advised him that he would be required to register under the then-existing sexual offender registry law, Megan's Law III. This Court affirmed the judgment of sentence on September 8, 2009. Deitz thereafter unsuccessfully litigated his first PCRA petition.

On September 13, 2017, Deitz, acting *pro se*, filed the instant untimely PCRA petition. Appointed counsel filed a supplement thereto, seeking removal of all Sex Offender Registration and Notification Act (SORNA I)[2] registration

---

[1] **See** 18 Pa.C.S. §§ 3124.1, 3122.1, 4302, 3125, 4304, 6301, and 3126.

[2] 42 Pa.C.S. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective. 42 Pa.C.S. §§ 9799.51-9799.75 (SORNA II).

requirements pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (Opinion Announcing the Judgment of the Court), *cert. denied sub nom* **Pennsylvania v. Muniz**, 138 S.Ct. 925 (2018).[3]  While the PCRA petition was pending, on February 21, 2018, the legislature amended and replaced SORNA I with SORNA II.  The PCRA court dismissed the petition as untimely on January 4, 2019, following oral argument.  This timely appeal followed.  Deitz and the PCRA court complied with Rule 1925.  **See** Pa.R.A.P. 1925(a), (b).

On appeal, Deitz argues that the PCRA court erred in failing to amend his sentence to strike all sexual offender registration requirements pursuant to **Muniz**.  (**See** Deitz's Brief, at 7-12).[4]  However, "[b]efore we can address the merits of the issues raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional.  42 Pa.C.S. § 9545(b)." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018).  "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Id.** (citation omitted).  "[A] judgment becomes

---

[3] The **Muniz** Court held that the registration requirements set forth under SORNA I constitute punishment and, therefore, their retroactive application violates the *ex post facto* clauses of the Pennsylvania and United States Constitutions.  **See Muniz**, **supra** at 1193.

[4] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free of legal error.  **See Commonwealth v. Bush**, 197 A.3d 285, 286–87 (Pa. Super. 2018).

final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted above, the instant petition is patently untimely because Deitz filed it approximately eight years after his judgment of sentence became final. Therefore, we have no jurisdiction to consider it unless Deitz pled and proved one of the three limited exceptions to the PCRA's one-year time limitation set forth in Section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see also Graves*, *supra* at 1186.

Deitz invokes the applicability of the newly-recognized constitutional right exception at Section 9545(b)(1)(iii) by arguing a right to relief under *Muniz*. (*See* Deitz's Brief, at 7-8). However, this Court has recently held that "the rule recognized in *Muniz* does not establish a timeliness exception to the PCRA." *Commonwealth v. Greco*, 203 A.3d 1120, 1125 (Pa. Super. 2019) (citation omitted). The *Greco* Court explained:

Appellant's reliance on **_Muniz_** cannot satisfy the 'new retroactive right' exception of section 9545(b)(1)(iii). . . . [W]e acknowledge that this Court has declared that, "**_Muniz_** created a substantive rule that retroactively applies in the collateral context." **_Commonwealth v. Rivera-Figueroa_**, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in **_Rivera-Figueroa_**), he must demonstrate that the Pennsylvania Supreme Court has held that **_Muniz_** applies retroactively in order to satisfy section 9545(b)(1)(iii). **_See_** [**_Commonwealth v._**] **_Abdul-Salaam_**, [571 Pa. 219, 812 A.2d 497, 501 (2002)]. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **_Muniz_** to meet that timeliness exception.

**_Id._** (quoting **_Commonwealth v. Murphy_**, 180 A.3d 402, 405 (Pa. Super. 2018), _appeal denied_, 195 A.3d 559 (Pa. 2018)).

Because Deitz's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. **_See Graves_**, **_supra_** at 1185. Accordingly, we affirm the order of the PCRA court dismissing Deitz's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/16/2019

- 5 -