J-S36032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SCOTT BRADLEY WALKER | : | |
| | : | |
| Appellant | : | No. 181 MDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000030-2003

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:　　　　**FILED: JULY 23, 2019**

Scott Bradley Walker (Walker) appeals from the order entered by the Court of Common Pleas of Huntingdon County (PCRA court) dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

We derive the following facts and procedural history from our independent review of the certified record. On July 28, 2003, Walker entered a guilty plea to Third-Degree Murder and Possession of an Instrument of a Crime.[1] The charges stem from Walker's killing of another inmate, Daniel

---

[1] 18 Pa.C.S. §§ 2502(c) and 907(b), respectively. The Information also charged Walker with First-Degree Murder and Voluntary Manslaughter, and provided notice of the Commonwealth's intent to seek the death penalty; these charges were dismissed as a result of the plea.

---

\* Retired Senior Judge assigned to the Superior Court.

Luther Meyer, by stabbing him in the left side of the neck with a shank (homemade knife). Prison video tapes captured the stabbing, and Walker made several incriminating statements to corrections officers following the incident, including "I cut him. I got him good." (N.T. Guilty Plea and Sentencing Hearing, 7/28/03, at 3). The trial court sentenced Walker to an aggregate term of not less than twenty-two and one-half nor more than forty-five years' incarceration. Walker did not file a direct appeal.

Thirteen years later, on October 28, 2016, Walker, acting *pro se*, filed the instant PCRA petition. Appointed counsel filed an amended petition, averring that trial counsel induced Walker to plead guilty to third-degree murder (listed as Count 2 of the Information) when he had only agreed to enter a plea to voluntary manslaughter (listed as Count 3 of the Information).[2] (*See* Amended PCRA Petition, 5/10/18, at ¶¶ 21, 29; Information, 3/10/03). The PCRA court dismissed the petition as untimely on January 2, 2019, following a hearing. This timely appeal followed. Walker and the PCRA court complied with Rule 1925. *See* Pa.R.A.P. 1925(a), (b).

On appeal, Walker argues that the PCRA court erred in failing to find that he exercised due diligence in learning that he entered a guilty plea to third-degree murder instead of to voluntary manslaughter. (*See* Walker's

---

[2] *See* 42 Pa.C.S. § 9543(a)(2)(ii), (iii) (relating to ineffective assistance of counsel and unlawfully induced guilty plea).

Brief, at 2, 9-12).[3] He acknowledges that his PCRA petition is untimely and argues that he meets the previously unknown facts exception at Section 9545(b)(1)(ii) of the PCRA. (*See id.* at 10).

We begin by noting that, "[a] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1284 (Pa. 2016). "For purposes of the PCRA, 'a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.' 42 Pa.C.S. § 9545(b)(3)." *Id.*

"There are three exceptions to the timeliness requirement, including an exception concerning the discovery of a previously-unknown fact. *See* 42 Pa.C.S. § 9545(b)(1)(ii)." *Id.* "[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and (2) could not have been ascertained by the exercise of **due diligence**." *Commonwealth v. Cox*, 204 A.3d 371, 391 (Pa. 2019) (emphases in

---

[3] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free of legal error. *See Commonwealth v. Bush*, 197 A.3d 285, 286–87 (Pa. Super. 2018).

original; case citation omitted). "Under this exception, a petitioner must file a PCRA petition within sixty days of the date that the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2)." ***Mitchell***, ***supra*** at 1284. PCRA time limits are jurisdictional in nature, and the time for filing a PCRA petition can be extended only if the petitioner satisfies one of the statutorily enumerated exceptions to the PCRA time-bar. ***See id.***

As discussed above, the instant PCRA petition is patently untimely, and Walker claims the applicability of the previously unknown facts exception at Section 9545(b)(1)(ii). Walker argues that his extended confinement in the state correctional institution and immediate isolation after Mr. Meyer's death precluded him from discovering that he entered a plea to third-degree murder instead of to voluntary manslaughter. (***See*** Walker's Brief, at 9-11). Walker further asserts that the Information that he and his attorney signed on the day he entered his plea is patently defective because it indicates that he pled guilty to Count 3 (Voluntary Manslaughter). (***See id.*** at 12; Information, at 1-2). However, a review of the record belies Walker's claims. At the guilty plea hearing, the following exchange took place:

> [Trial Court]. **Now my understanding is that this afternoon you are here for the purpose of entering pleas of guilty on the offense of third degree murder, which is contained in Count 3 of the information** filed to Number 30 Criminal Action 2003; and Count 4 of that same information, which charges you with the offense of possessing an offensive weapon.
>
> [Walker]. **That is correct**.

[Trial Court]. **Third degree murder is a felony of the first degree**.  The maximum sentence is a jail sentence not exceeding 40 years. . . . **Do you understand that**?

[Walker]. **I do**.

\*     \*     \*

[Trial Court]. **You have already indicated to me that you're pleading to a crime of third degree murder.  I want to make sure you understand what it is the Commonwealth must prove and prove beyond a reasonable doubt in order to convict you of third degree murder**.  First they would have to prove that somebody is dead.  And the victim's name is?

[Commonwealth]: Daniel Meyer.

[Trial Court]. They would have to prove to a jury that he is dead.  Second, they would have to prove that you killed him.  **And third, they would have to prove that you killed him with malice**.  Now malice refers to any of the three mental states that the law regards as being bad enough to made a killing murder.  Malice exists if a person commits a killing with an intent to kill or an intent to inflict serious bodily harm or the person consciously disregards an unjustified and extremely high risk that his actions might cause death or serious bodily injury.  In other words, malice does not mean simply hatred or spite or ill will.  It refers to these mental states I mentioned.

One, the Commonwealth would have to prove that either you had the intent to inflict serious bodily injury or death or that you consciously disregarded an unjustified and extremely high risk that your actions might cause death or serious bodily injury.  **Do you think you understand that**?

[Walker]. **I understand**.

(N.T. Guilty Plea and Sentencing, 7/28/03, at 1-2, 4) (emphases added).[4] The court also asked Walker's two defense attorneys whether they were "satisfied that [Walker] understands the elements of the two crimes to which he is pleading," to which they answered: "Yes, Your Honor." (*Id.* at 8).

Additionally, a review of the Information signed by Walker and his counsel on the day he entered his plea shows that although it mistakenly states that he is pleading guilty to Count 3, it clearly identifies the crime as "Murder 3." (Information, at 2).

Thus, the record reflects that Walker was well aware of the fact that he was pleading guilty to third-degree murder in July 2003. At the plea hearing, the court thoroughly discussed the third-degree murder charge and its elements and Walker indicated on the record that he understood the offense. Although the court misspoke by stating that third-degree murder was Count 3 of the Information instead of Count 2, there is no indication that this caused any confusion on anyone's part at the hearing. Rather, the court expressly and repeatedly made clear that Walker was entering a plea to third-degree murder, and Walker and his counsel assured the court that he understood the elements of that offense. Likewise, the mistake in listing the Count number on the Information does not make it defective, where it clearly identifies the

---

[4] We note that "[t]he elements of third-degree murder, as developed by case law, are a killing done with legal malice." *Commonwealth v. Golphin*, 161 A.3d 1009, 1018 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1051 (Pa. 2017) (citation omitted).

crime as "Murder 3." Therefore, we agree with the PCRA court's conclusion that the circumstances surrounding Walker's claim have been known to him since he entered his plea.

Because Walker's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. *See Mitchell*, *supra* at 1284. Accordingly, we affirm the order of the PCRA court dismissing Walker's petition.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/2019