J-S60042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 741 MDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000805-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 742 MDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001147-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTIAN SCOTT THOMAS | : | |
| | : | |
| Appellant | : | No. 743 MDA 2019 |

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0002952-2001

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

```
                              :
        v.                    :
                              :
                              :
CHRISTIAN SCOTT THOMAS        :
                              :
        Appellant            :    No. 744 MDA 2019
```

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002928-2001

```
COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
        v.                    :
                              :
                              :
CHRISTIAN SCOTT THOMAS        :
                              :
        Appellant            :    No. 745 MDA 2019
```

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003140-2001

```
COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
        v.                    :
                              :
                              :
CHRISTIAN SCOTT THOMAS        :
                              :
        Appellant            :    No. 746 MDA 2019
```

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002950-2001

```
COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
        v.                    :
                              :
                              :
```

J-S60042-19

CHRISTIAN SCOTT THOMAS           :
                                 :
              Appellant          :    No. 747 MDA 2019

Appeal from the PCRA Order Entered April 22, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003050-2001

BEFORE: SHOGAN, J., STABILE, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:                    **FILED DECEMBER 10, 2019**

In these consolidated cases, Christian Scott Thomas (Thomas) appeals

*pro se* from the order dismissing his serial petition filed pursuant to the Post

Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely.  We

affirm.

A previous panel of this Court set forth the relevant background of this

case as follows:

> Throughout the time from May 13, 2000 to January 19, 2001, [Thomas] committed numerous counts of burglary, robbery, and rape.  [Thomas] was 14 and 15 years old during the time of his offenses.  On June 6, 2003, [Thomas] entered a guilty plea and was later sentenced to 66-150 years' incarceration.  This Court affirmed the initial sentencing on August 6, 2004.
>
> After the decision by this Court to affirm the original sentence imposed by the trial court, [Thomas] filed a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania.  The District Court ordered that the trial court resentence [Thomas].  The District Court held that the aggregate sentence of 66-150 violated [Thomas'] rights against cruel and unusual punishment based upon the United States Supreme Court decision in **Graham v. Florida**, 560 U.S. 48, 75 (2010).  On October 2, 2013, the trial court resentenced [Thomas] to a new aggregate sentence of 40-80 years' incarceration.

_____

* Retired Senior Judge assigned to the Superior Court.

- 3 -

> ***Commonwealth v. Thomas***, 105 A.3d 32 (Pa. Super. 2014) (unpublished memorandum at 1)[, *appeal denied*, 101 A.3d 786 (Pa. 2014)]. We affirmed [Thomas'] second judgment of sentence, finding that it afforded him a reasonable opportunity to be released during his lifetime. On December 3, 2014, [Thomas] filed a *pro se* petition for collateral relief. The court appointed new counsel, and on March 6, 2015, counsel filed an amended PCRA petition, which asserted that he was denied effective assistance of counsel during his October 2013 resentencing. . . .

(***Commonwealth v. Thomas***, 2016 WL 5865086, at *1 (Pa. Super. filed Aug. 16, 2016) (unpublished memorandum) (footnote omitted)). This Court affirmed the PCRA court's order on August 16, 2016.

On March 25, 2019, Thomas filed the instant *pro se* PCRA petition that was later amended. After issuing notice of its intent to do so,[1] on April 22, 2019, the PCRA court dismissed the petition as untimely because more than one year after his appeal on his resentencing resolved in this Court. Moreover, the PCRA court found that Thomas did not even allude to any exception to this timeliness requirement. This appeal followed.[2]

On appeal, without mentioning that the PCRA court dismissed his petition as untimely, Thomas again challenges his aggregate sentence, arguing that it is manifestly excessive because the sentencing court failed to consider the mitigating circumstances of his case, including his history of

---

[1] ***See*** Pa.R.Crim.P. 907(1).

[2] Thomas and the PCRA court complied with Rule 1925. ***See*** Pa.R.A.P. 1925(a)-(b).

substance abuse, lack of mental capacity, young age at the time of the offenses, and difficult family background. (**See** Thomas' Brief, at 4, 7).[3], [4] However, "[b]efore we can address the merits of the issues raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional. 42 Pa.C.S. § 9545(b)." **Commonwealth v. Graves**, 197 A.3d 1182, 1185 (Pa. Super. 2018). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." **Id.** (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Our Supreme Court "has repeatedly stated it is the appellant's burden to allege and prove that one of the

---

[3] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free of legal error. **See Commonwealth v. Bush**, 197 A.3d 285, 286–87 (Pa. Super. 2018).

[4] We note that although Thomas plainly filed a PCRA petition, he oscillates between treating it as such and as a direct appeal. However, as previously noted, this Court already affirmed his second judgment of sentence. Furthermore, "[t]his Court has repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Whiteman**, 204 A.3d 448, 449 n.2 (Pa. Super. 2019), *appeal denied*, 2019 WL 3311368 (Pa. filed July 24, 2019) (citation omitted).

timeliness exceptions applies." ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2008) (citation omitted).

Instantly, Thomas' PCRA petition is patently untimely because he filed it approximately four years after his judgment of sentence became final.[5] Therefore, we have no jurisdiction to consider it unless Thomas pled and proved one of the three limited exceptions to the PCRA's one-year time limitation set forth in Section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

However, as the PCRA court points out, Thomas has not pled the applicability of **any** of these exceptions. (**See** PCRA Court Opinion, 7/03/19,

---

[5] Specifically, Thomas' judgment of sentence became final on January 6, 2015, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired. **See** Sup. Ct. R. 13; 42 Pa.C.S. § 9545(b)(3).

at 4).[6] Because Thomas' PCRA petition is untimely, and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. **See Graves**, **supra** at 1185. Accordingly, we affirm the order of the PCRA court dismissing Thomas' petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2019

---

[6] In his appeal, Thomas cites to **Commonwealth v. Felder**, 2017 WL 6505643 (Pa. Super. 2017) (unreported), *allocatur granted*, 18 EAP 2018. Allocator was granted to review the constitutionality of a sentence of 50-years to life for a juvenile in light of its decision in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017). **Batts** held that under **Miller v. Alabama**, 132 S. Ct. 2455 (2012), the Eighth Amendment forbids mandatory life sentencing without the possibility of parole for juvenile offenders. We held that that when a juvenile convicted of homicide and subjected to a discretionary sentence that "may approach, but does not clearly exceed life expectancy" that sentence does not violate **Miller**, the Eighth Amendment to the U.S. Constitution or Article 1, Section 13 of the Pennsylvania Constitution. In effect, Thomas argues that because the Supreme Court granted allocator, his sentence of 40 to 80 years of incarceration was tantamount to a life sentence. The **Felder** case was argued in the Pennsylvania Supreme Court on September 11, 2019. However, until an opinion is issued, our decision in **Felder** is controlling. Moreover, until that occurs, even if raised, it does not fall within 42 Pa.C.S. § 9545 (b)(l)(iii).