J-S64043-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BARRY LEE CRESPO | : | |
| | : | |
| Appellant | : | No. 1229 WDA 2019 |

Appeal from the PCRA Order Entered July 25, 2019
In the Court of Common Pleas of Bedford County Criminal Division at
No(s): CP-05-CR-0000343-2008

BEFORE: BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.: FILED DECEMBER 10, 2019

Barry Lee Crespo (Crespo) appeals from the order entered by the Court of Common Pleas of Bedford County (PCRA court) dismissing his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely. We affirm.

Following a March 2009 jury trial, Crespo was convicted of six counts each of corruption of minors and indecent assault, five counts each of aggravated indecent assault, and one count each of involuntary deviate sexual intercourse (IDSI), unlawful contact with a minor and statutory sexual assault. The facts underlying Crespo's conviction involved his engaging in sex acts with a fourteen-year-old female while he was a youth advocate counselor and she

_____

[*] Retired Senior Judge assigned to the Superior Court.

was receiving counseling services. The trial court sentenced Crespo to an aggregate term of not less than twenty nor more than forty years' imprisonment.[1] This Court affirmed the judgment of sentence on July 27, 2010. Crespo did not file a petition for allowance of appeal with our Supreme Court.[2] Crespo thereafter unsuccessfully litigated three PCRA petitions.

On March 25, 2019, Crespo filed the instant untimely pro se PCRA petition, arguing primarily that his mandatory minimum sentence is illegal based on the United States Supreme Court's decision in Alleyne v. United States, 133 S.Ct. 2151 (2013).[3] (See PCRA Petition, 3/25/19, at 1-3). The PCRA court issued notice of intent to dismiss the petition without a hearing on June 11, 2019, see Pa.R.Crim.P. 907(1), and filed an order dismissing it on

_____

[1] The court sentenced Cresco to the mandatory minimum term of incarceration of ten years on the IDSI count. See 42 Pa.C.S. § 9718(a)(1) (providing mandatory minimum term of incarceration for IDSI conviction); (see also Sentencing Order, 6/18/09, at 1; N.T. Sentencing, 6/18/09, at 8, 29).

[2] Crespo's judgment of sentence therefore became final on August 26, 2010, when his time to file a petition for allowance of appeal expired. See 42 Pa.C.S. § 9545(b)(3), infra.

[3] In Alleyne, the United States Supreme Court held that under the Sixth Amendment to the United States Constitution, a jury must find beyond a reasonable doubt any facts that increase a mandatory minimum sentence. See Alleyne, supra, at 2158. In Commonwealth v. Wolfe, 140 A.3d 651 (Pa. 2016), the Pennsylvania Supreme Court held "that Section 9718 is irremediably unconstitutional on its face, non-severable, and void[,]" in light of Alleyne. Wolfe, supra at 663.

June 25, 2019. Crespo timely appealed, and he and the PCRA court complied with Rule 1925. See Pa.R.A.P. 1925(a)-(b).

Crespo argues that his mandatory minimum sentence is unconstitutional and void pursuant to Alleyne and Wolfe. (See Crespo's Brief, at 6-10; PCRA Petition, at 1-3).[4] However, "[b]efore we can address the merits of the issues raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional. 42 Pa.C.S. § 9545(b)." Commonwealth v. Graves, 197 A.3d 1182, 1185 (Pa. Super. 2018). "A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." Id. (citation omitted). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

As noted above, the instant petition is untimely because Crespo filed it more than eight years after his judgment of sentence became final. Because it is untimely, we have no jurisdiction to consider it unless Crespo pled and

_____

[4] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free of legal error. See Commonwealth v. Bush, 197 A.3d 285, 286–87 (Pa. Super. 2018) (citation omitted).

proved one of the three limited exceptions to the PCRA's one-year time limitation set forth in Section 9545:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." Commonwealth v. Robinson, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).

Crespo invokes the applicability of the newly-recognized constitutional right exception at Section 9545(b)(1)(iii) by arguing a right to relief under Alleyne and Wolfe. However, Crespo's contentions that his sentence is unconstitutional and that a claim challenging the legality of a sentence cannot be waived do not allow him to circumvent the PCRA's timeliness requirements.

It is well-settled that, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. . . . [T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction

- 4 -

over the claim." Commonwealth v. Miller, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and internal quotation marks omitted) (concluding PCRA court correctly dismissed PCRA petition raising Alleyne claim as untimely). In any event, our Supreme Court has addressed the retroactive effect of Alleyne, and has expressly held "that Alleyne does not apply retroactively to cases pending on collateral review[.]" Commonwealth v. Washington, 142 A.3d 810, 820 (Pa. 2016).[5]

Because Crespo's PCRA petition is untimely and he has failed to establish an exception to the PCRA's timeliness requirements, we lack jurisdiction to consider the merits of his claims. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2019

_____

[5] We note that Crespo also attempts to challenge the discretionary aspects of his sentence; however, he previously fully litigated this issue on direct appeal. (See Crespo's Brief, at 2, 10-17; Commonwealth v. Crespo, No. 1856 WDA 2009 (Pa. Super. 7/27/10, at 3, 11-15) (unpublished memorandum)); see also 42 Pa.C.S. §§ 9543(3), 9544(a)(2).