J-S05008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND FRANKLIN PEAKE, III | : | |
| | : | |
| Appellant | : | No. 1431 MDA 2019 |

Appeal from the PCRA Order Entered October 31, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0002579-2010

BEFORE:  SHOGAN, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 09, 2020**

In this case, which has returned to us after remand, Appellant, Raymond Franklin Peake, III, appeals *pro se* from the order entered in the Cumberland County Court of Common Pleas dismissing his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, as untimely.[1] After careful review, we affirm.

On August 16, 2012, Appellant entered a negotiated plea of *nolo contendere* to second degree murder and theft by unlawful taking related to

---

[1]  Initially, we were unable to decide this case because items were missing from the certified record.  Consequently, we remanded with instructions that the PCRA court supplement the record with the October 31, 2019 order dismissing Appellant's third PCRA petition and the PCRA court's November 13, 2019 Statement in Lieu of Opinion.  Supplemental records were filed on May 27, 2020, and June 10, 2020.  The matter is now ready for disposition.

the shooting death of Todd Getgen at a rifle range.[2]  Pursuant to the plea negotiations, the trial court sentenced Appellant to life imprisonment without the possibility of parole.  Appellant did not file a direct appeal.

Appellant timely filed his first PCRA petition on August 19, 2013, raising several claims of ineffective assistance of counsel.  The PCRA court denied the petition as meritless on November 16, 2013, and this Court affirmed the denial on June 24, 2014.  ***Commonwealth v. Peake,*** 105 A.3d 44, 2198 MDA 2013 (Pa. Super. filed June 24, 2014) (unpublished memorandum).  Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

Appellant filed a second PCRA petition on July 6, 2015 which the PCRA court dismissed this second petition as untimely on August 6, 2015.  On May 5, 2016, we affirmed the denial of the second PCRA petition.  ***Commonwealth v. Peake***, 151 A.3d 1136, 1581 MDA 2015 (Pa. Super. filed May 5, 2016) (unpublished memorandum).  Appellant's petition for allowance of appeal was denied by the Pennsylvania Supreme Court on November 8, 2016.  ***Commonwealth v. Peake***, 160 A.3d 790, 454 MAL 2016 (Pa. 2016).

Appellant filed his third petition for PCRA relief on July 18, 2019, alleging ineffective assistance of plea counsel for failing to file a direct appeal on his behalf, and ineffective assistance of PCRA counsel for failing to raise plea counsel's ineffectiveness.  On August 13, 2019, pursuant to Pa.R.Crim.P. 907,

---

[2]  18 Pa.C.S. §§ 2502(b) and 3921(a), respectively.

the PCRA court informed Appellant of the court's intention to dismiss his petition because it was untimely, none of the exceptions to the PCRA's timeliness requirements applied, the issues had been waived and previously litigated, and Appellant failed to demonstrate that a miscarriage of justice occurred.  Order, 8/13/19, at 1–2.

Appellant filed a notice of appeal from the order giving notice on August 29, 2019.  On October 7, 2019, this Court issued a rule to show cause directing Appellant "to show cause, within ten days of the date of this order, as to why the instant appeal should not be quashed as interlocutory.  Failure to respond to this directive may result in quashal of this appeal without further notice."  Order, 10/7/19, at unnumbered 1.  When Appellant failed to respond, this Court, on November 8, 2019, filed an order discharging the rule to show cause and referring the issue to this merits panel.  Order, 11/8/19, at unnumbered 1.

The PCRA court entered its final order dismissing Appellant's *pro se* petition on October 31, 2019.  Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant raises one issue for appellate review:

The court below erred in failing to relax the procedural bar rule to address petitioner['s] third PCRA petition of ineffective assistance of counsel claims against his first PCR[A] counsel for failing to addres[s] trial counsel['s] ineffective assistance for failing to file a direct appeal on behalf of petitioner[.]  Petitioner also requested PCRA counsel to amend his PCRA petition to include trial counsel['s] ineffective assistance for failing to file a notice of

appeal on petitioner behalf but PCRA counsel refused to obey petitioner['s] request.

Appellant's Brief at (i).

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining "whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Bush,** 197 A.3d 285, 286 (Pa. Super. 2018). Before addressing the merits of Appellant's claim, however, we must first determine whether Appellant filed a timely notice of appeal.

On August 13, 2019, the PCRA court entered its Pa.R.Crim.P. 907 notice of intent to dismiss and advised Appellant of his opportunity to respond within twenty days. On August 29, 2019, Appellant filed a *pro se* notice of appeal to this Court. The PCRA court entered its final order dismissing Appellant's third PCRA petition on October 31, 2019.

Although Appellant's notice of appeal was prematurely filed, we may regard this appeal as timely. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."); **see also Commonwealth v. Swartzfager**, 59 A.3d 616, 618 n.3 (Pa. Super. 2012) (accepting premature notice of appeal filed after entry of Rule 907 Notice but before final order dismissing PCRA petition).

We must next determine whether Appellant has filed a timely petition. A PCRA petition, "including a second or subsequent petition, shall be filed

within one year of the date the judgment becomes final[.]" 42 Pa.C.S.

§ 9545(b)(1). A judgment of sentence becomes final "at the conclusion of

direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of

time for seeking the review." *Id.* at § 9545(b)(3).

Beyond the one-year time-bar, a petitioner must plead and prove at

least one of the time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of
> interference by government officials with the presentation of the
> claim in violation of the Constitution or laws of this Commonwealth
> or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were
> unknown to the petitioner and could not have been ascertained by
> the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was
> recognized by the Supreme Court of the United States or the
> Supreme Court of Pennsylvania after the time period provided in
> this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)–(iii). A petitioner must raise the claim within one

year that the claim could have been raised. *Id.* at § 9545(b)(2).[3]

In the case *sub judice*, on August 16, 2012, the trial court sentenced

Appellant to life imprisonment without the possibility of parole. Appellant did

---

[3] Section 9545(b)(2) was amended to reflect that a petitioner has one year
rather than the prior deadline of sixty days to raise his claim. This amendment
became effective on December 24, 2018, and applies to claims arising on
December 24, 2017, or after. Appellant's petition was filed on July 18, 2019;
thus, the amendment applies here.

not file a direct appeal; therefore, his judgment of sentence became final on September 15, 2012. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant had one year within which to file a PCRA petition, *i.e.*, September 15, 2013. Thus, Appellant's petition, filed on July 18, 2019, is patently untimely. ***See*** 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Gamboa–Taylor***, 753 A.2d 780, 783 (Pa. 2000) (holding a PCRA petition filed more than one year after judgment of sentence becomes final is untimely, and the PCRA court lacks jurisdiction to address the petition unless the petitioner pleads and proves a statutory exception to the PCRA time-bar). We thus analyze whether Appellant has pled and proven that one or more of the exceptions to the PCRA's timeliness requisites applies.

Appellant argues that his petition is timely under the 42 Pa.C.S. §9545(b)(1)(iii) newly recognized constitutional right exception. Appellant's Brief at 6. Appellant's specific claim is that the United States Supreme Court recognized a constitutional right to a direct appeal in ***Roe v. Flores-Ortega***, 528 U.S. 470 (2000). Appellant's Brief at 7, 9. The PCRA court determined that the exception does not apply to Appellant's petition because he "fail[ed] to show that this right is a new right recognized after the initial one year filing deadline." Statement in Lieu of Opinion, 11/13/19, at 5. We agree.

We first observe that Appellant's legal premise is flawed in that he misstates the holding in ***Flores-Ortega***. Contrary to Appellant's assertion, ***Flores-Ortega*** did not declare that defendants had a constitutional right to a

direct appeal. Rather, the Supreme Court recognized "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Furthermore, the United States Supreme Court has never held that criminal defendants have a constitutional right to a direct appeal. *See Davila v. Davis*, 137 S. Ct. 2058, 2066 (2017) (although "[t]he Constitution twice guarantees the right to a criminal trial, see Art. III, § 2; Amdt. 6, [it] does not guarantee the right to an appeal").[4]

In any event, even if *Flores-Ortega* could be interpreted as announcing a new constitutional right, and federal authority indicates that it did not,[5] Appellant failed to comply with the requirement of 42 Pa.C.S. § 9545(b)(2) that a petition invoking a newly recognized constitutional right must be filed within one year of the date the claim could have been presented. *Flores-*

---

[4] In contrast, Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right. *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999) (citation omitted).

[5] *See e.g., Frazer v. South Carolina*, 430 F.3d 696, 704–705 (4th Cir. 2005) (*Flores–Ortega* does not present a new constitutional rule; the decision "simply crystalizes the application of [*Stickland v. Washington*, 464 U.S. 668 (1984)] to the specific context presented by [the petitioner's] claim"); *see also Moore v. Hardee*, 723 F.3d 488, 499 n.8 (4th Cir. 2013) (when a case "simply crystalizes the application of *Strickland* to the specific context of a petitioner's claim, it does not create a new constitutional rule.") (citation omitted).

***Ortega*** was decided on February 23, 2000; Appellant's petition was filed nineteen years later, on July 18, 2019. Thus, Appellant has failed to timely raise the newly recognized constitutional right exception to excuse the untimeliness of his petition.

Finally, Appellant urges that he is entitled to a relaxation of the PCRA's time-bar because he has "established a prima facie case of ineffective assistance of counsel." Appellant's Brief at 9. He further avers that the reason for the delay in filing his petition was due to his incarceration in the "State of New Jersey . . . [with] no reasonable access to, or notice of, Pennsylvania Appellate Rules . . . ." ***Id.***

Appellant is not entitled to relief on either ground. ***Commonwealth v. Zeigler***, 148 A.3d 849, 853-854 (Pa. Super. 2016) (stating that a "claim of ineffective assistance of counsel does not save [an] otherwise untimely PCRA petition for review on the merits."); ***Commonwealth v. Harris***, 972 A.2d 1196, 1200 (Pa. Super. 2009) (observing that "[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act."). Accordingly, because Appellant failed to plead any cognizable exception to the PCRA's timeliness requirements, the PCRA court properly dismissed Appellant's petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2020