J-S68001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                     :   PENNSYLVANIA
                                     :
           v.                          :
                                     :
DUANE BROCK THOMAS               :
                                     :
         Appellant             :   No. 866 WDA 2017

Appeal from the PCRA Order May 8, 2017
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0000165-2009

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:         **FILED JANUARY 2, 2020**

The Appellant, Duane Brock Thomas (Thomas) appeals from the order of the Washington County Court of Common Pleas (PCRA court) dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Because all claims in the second petition were untimely and waived, the PCRA court's order is affirmed.

**I.**

The PCRA court has summarized the pertinent facts of this appeal as follows:

> After a jury trial, [Thomas] was found guilty on September 25, 2009 of Rape, IDSI (two counts), Aggravated Assault (two counts), Simple Assault, Terroristic Threats, Unlawful Restraint, False Imprisonment and Recklessly Endangering Another Person.

---

[*] Retired Senior Judge assigned to the Superior Court.

After the verdict, the Commonwealth filed a Notice Seeking Mandatory Sentence pursuant to 12 Pa.C.S. § 9712.

[Thomas] was sentenced on January 22, 2010 by Judge Moschetta Bell who found that the [Thomas] "visibly possessed a gun" during the commission of the crimes of Rape and Aggravated Assault and sentenced [Thomas] to an aggregate sentence of 14½ years to 29 years. [Thomas] filed a direct appeal. The Pennsylvania Superior Court affirmed the trial court on July 18, 2011. [Thomas] filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on December 23, 2011. [Thomas] filed a pro se PCRA Petition on April 9, 2012. Counsel was appointed and an Amended PCRA Petition was filed.

After a Notice of Intention to Dismiss was provided, the Court dismissed the PCRA Petition on February 28, 2013. [Thomas], with counsel, appealed; the Pennsylvania Superior Court, in a non-precedential decision, on February 27, 2014 affirmed the PCRA Court's ruling. [Thomas] filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, which was denied on September 10, 2014.

[Thomas] filed a second PCRA on August 24, 2016, which is presently before the Court. [Thomas] asserted two grounds as the basis for his PCRA relief. His first claim was that his sentence was unconstitutional as the mandatory minimum sentence imposed by the judge was predicated on facts as found by the Court rather than found by the jury as now constitutionally required. The second issue raised by [Thomas] was that he was subject to "an unconstitutional trial based on no blacks on the jury." He claimed that a ***Batson*** violation occurred during jury selection. The relief requested was a correction of his sentence. [Thomas] also requested the appointment of counsel.

On February 14, 2017, this Court denied [Thomas'] request for counsel. The Court also filed on that date a Notice of Intention to Dismiss the PCRA Petition without a hearing. The Court found that the second claim was not filed within the one year requirement and that the exception to the one year rule alleged by [Thomas], that a new constitutional right has been recognized, was not applicable. Therefore, the Court found that the Court had no jurisdiction and dismissed that claim. The Court also dismissed the first issue, finding that the ***Alleyne*** decision did not apply

retroactively to collateral attacks on mandatory minimum sentences. ***Alleyne v. U.S.***, 133 S. Ct. 2151 (2013).

In its Notice of Intention to Dismiss the PCRA, the Court directed [Thomas] to respond to the proposed dismissal within thirty (30) days. No response was received. The Court reviewed the docket, the Pennsylvania Superior Court's decision on the direct, this Court's 22 page 1925 Opinion regarding the First PCRA and the Superior Court's decision affirming the same, and finding that the issues raised in the Second PCRA involve legal rather than factual issues, the Court dismissed the PCRA without a hearing on May 8, 2017. A timely appeal ensued.

PCRA Court 1925(a) Opinion, at 1-2.[1]

In his appellate brief, Thomas contends that he received an unconstitutional mandatory minimum sentence under ***Alleyne***; his trial was unconstitutional due to a ***Batson***[2] violation; and he is entitled to relief due to a violation of the Supremacy Clause. ***See*** Appellant's Brief, at 1-2. Thomas argues that his second PCRA petition should be treated as timely filed because he relies on newly created constitutional rights that apply retroactively. ***See id***., at 7-12.[3]

---

[1] This Court affirmed Thomas' judgment of sentence in ***Commonwealth v. Thomas***, 32 A.3d 274 (Pa. Super. 2011) (unpublished memorandum), ***appeal denied***, 34 A.3d 83 (Pa. 2011). This Court affirmed the denial of Thomas' first PCRA petition in ***Commonwealth v. Thomas***, No. 490 WDA 2013 (Pa. Super. February 27, 2014).

[2] ***Batson v. Kentucky***, 476 U.S. 79 (1982) (holding that prosecutors may not use peremptory strikes on potential jurors in a racially motivated manner).

[3] When reviewing issues arising from the denial of PCRA relief, we must determine whether the PCRA court's ruling is supported by the record and free

**II.**

"Before we can address the merits of the issues raised, we must determine whether Appellant has established that his PCRA petition was timely filed, as the time-bar is jurisdictional. 42 Pa.C.S. § 9545(b)." ***Commonwealth v. Graves***, 197 A.3d 1182, 1185 (Pa. Super. 2018). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final." ***Id.*** (citation omitted). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3)." ***Commonwealth v. Hernandez***, 79 A.3d 649, 650 (Pa. Super. 2013).

Here, Thomas' second PCRA petition is untimely because he filed it more than one year after his judgment of sentence became final in 2012. We, therefore, have no jurisdiction to consider the grounds raised in the petition unless Thomas can satisfy one of the three limited exceptions to the PCRA's time-bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

of legal error. ***See Commonwealth v. Bush***, 197 A.3d 285, 286–87 (Pa. Super. 2018) (citation omitted).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). "It is the petitioner's burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016) (citation omitted).[4]

Thomas argues that he has satisfied the exception enumerated in subsection 9545(b)(1)(iii) based on newly recognized constitutional rights outlined in *Alleyne*, *Batson*, and the Supremacy Clause of the United States Constitution. However, this exception to the PCRA's time-bar is inapplicable as to all of those claims.

Our Supreme Court has expressly held "that *Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016); *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and internal quotation marks omitted) (holding that a claim of an illegal sentence "in an untimely PCRA

---

[4] Effective December 24, 2018, Section 9545(b)(2) provides that "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented." Since Thomas filed his second PCRA petition prior to the effective date of the above amendment, the earlier version of Section 9545(b)(2) applies, giving him only 60 days to plead an exception from the date it could have been asserted.

petition for which no time-bar exception applies . . . depriv[es] the court of jurisdiction over the claim.").

Moreover, the ***Batson*** case preceded Thomas' jury trial by about a decade, so clearly it did not create a new constitutional right that would satisfy the PCRA's time-bar exception in subsection 9545(b)(1)(iii). None of the authorities cited in Thomas' brief hold that ***Batson*** established a new constitutional right.

As for the Supremacy Clause, Thomas has failed to state a cogent claim, precluding relief on that basis. However, even if Thomas had stated a cogent claim, the Supremacy Clause long preceded Thomas' trial, and he cites no subsequent authority which identifies a new right under that provision that applies retroactively. Thus, because Thomas' PCRA petition is untimely and he has failed to establish an exception to the PCRA's time-bar, we lack jurisdiction to consider the merits of his claims, and the order on review must stand.[5]

Order affirmed.

---

[5] In addition to our lack of jurisdiction, Thomas has waived all the grounds in his second PCRA petition because they could have been, but were not, raised on direct appeal or in his first PCRA petition. ***See*** 42 Pa.C.S. § 9544(b) ("[A]n issue is waived if petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior postconviction proceeding."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/2/2020