J-S20042-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON EDWARD JAMES | : | |
| | : | |
| Appellant | : | No. 2808 EDA 2019 |

Appeal from the PCRA Order Entered August 30, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0006116-2015

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                Filed: August 25, 2020

Aaron James appeals *pro se* from the order dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. James argues the PCRA court erred in allowing James' counsel to withdraw, and raises trial court errors. James waived the issues he argues in this appeal by failing to include them in his Pa.R.A.P. 1925(b) Statement. We therefore affirm.

In 2016, the trial court convicted James of access device fraud, theft by deception, theft by unlawful taking, receiving stolen property, and identity theft.[1] The charges arose when James "assumed the identity of Daniel Katzenberg to purchase four television sets from Gerhard Appliances." Trial

---

[1] *See* 18 Pa.C.S.A. §§ 4106(a)(1)(ii), 3922(a)(1), 3921(a), 3925(a), and 4120(a), respectively.

Court Opinion, filed 11/18/19, at 1. The court sentenced James to 18 months to seven years' imprisonment. We affirmed on direct appeal.

James then filed a timely *pro se* PCRA petition. The PCRA court issued an order appointing counsel and stating that if counsel found James' petition lacking in merit, counsel was to send James a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), and submit a copy to chambers. The court also ordered the Commonwealth to file an answer to the petition.

PCRA counsel subsequently sent James a no-merit letter stating he found James' PCRA issues lacking in merit and that he intended to withdraw as counsel. The letter also stated that if the court allowed counsel to withdraw, the court would advise James that he had the right to proceed with private counsel, or *pro se*.[2] The Commonwealth filed an Answer, and the court issued an order giving notice of its intent to dismiss James' petition in 20 days, pursuant to Rule of Criminal Procedure 907. ***See*** Pa.R.Crim.P. 907. The same order granted PCRA counsel leave to withdraw, and advised James that he could respond within 20 days. The order states that the court sent it to James by certified class mail on July 29, 2019. ***See*** Order, 7/29/19, at 1.

James filed a *pro se* response to the court's Rule 907 notice, arguing he was eligible for PCRA relief and that his PCRA counsel had provided ineffective

---

[2] Counsel did not file the no-merit letter with the PCRA court, but the Commonwealth attached a copy of the letter to its Answer.

assistance in concluding otherwise. The court issued a final order dismissing James' PCRA petition, and James appealed.

The PCRA court then ordered James to file and serve within 21 days a Pa.R.A.P. 1925(b) concise statement of the errors complained of on appeal. The court cautioned James that "any issue not properly included in the statement . . . shall be deemed waived." Order, 9/25/19, at 1. The order states that the court sent a copy to James, at the place of his incarceration, by First Class Mail on September 24, 2019. **See id.**

In response, James filed a 22-page Rule 1925(b) Statement, which included a Memorandum of Law.[3] James alleged multiple errors by the trial court, attacked the effectiveness of his trial and direct appeal counsel, and challenged the sufficiency and weight of the evidence. The PCRA court issued a Rule 1925(a) opinion responding to James' issues.

James now presents the following issues, which we have reproduced verbatim:

> 1) Did lower Court violate appellant's federal due process right to respond to PCRA Counsel's no merit letter by granting withdrawal on same day [as it issued the] 20 day notice of Court's intent to dismiss on 7-29-19? Render decision void [*sic*]?
>
> 2) Did lower Court and PCRA counsel violate **Turner**/**Finley** decisions, and the law at 18 Pa.C.S.[A. § ]4911(a)(1)?

---

[3] James' Concise Statement was timely under the prisoner mailbox rule. James mailed his Concise Statement from prison and the envelope bears a postmark of October 11, 2019. That date was within the 21-day period the court gave him to file and serve the Concise Statement. **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa.Super. 2019).

James' Br. at 5 (italics added) (suggested answers omitted).

James argues the PCRA court violated his due process rights when it allowed counsel to withdraw without first allowing James an opportunity to object to the withdrawal request. James claims that PCRA counsel failed to advise him, in the no-merit letter, of an immediate right to proceed *pro se*, and instead conditioned James' right to self-representation on the court's grant of the withdrawal petition. James further claims that the court and counsel violated due process by not reviewing the record adequately, and their failure to do so deprived the court of jurisdiction. James also makes several claims that the court committed errors during his trial.[4]

We conclude that James waived his issues regarding the withdrawal of his PCRA counsel by failing to include them in his Rule 1925(b) Statement. According to the Rule, if the court orders an appellant to file a statement, any issue the appellant fails to raise in a timely statement will be waived for appeal. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011). The Rule applies to counseled and *pro se* appellants alike. **See Commonwealth v. Ray**, 134 A.3d 1109, 1114 (Pa.Super. 2016); **Commonwealth v. Postie**, 110 A.3d 1034, 1041 n.8 (Pa.Super. 2015).

Here, James argues that his PCRA counsel failed to advise him of his rights in the no-merit letter, and the PCRA court erred in allowing counsel to

_____

[4] James also filed a Reply Brief asking us to strike the Commonwealth's brief for "falsely argu[ing] the contents of [**Commonwealth v. Bush**, 197 A.3d 285, 286 (Pa.Super. 2018), *reargument denied* (Dec. 12, 2018).]" James' Reply Br. at 2. We deny the request.

withdraw before James had an opportunity to respond to the withdrawal request. However, James did not raise these issues in his Rule 1925(b) Statement. Rather, his Concise Statement only contained allegations of trial court errors and ineffective assistance of counsel during trial and direct appeal. As the PCRA court served its Rule 1925(b) order on James and the order warned him that non-compliance would result in waiver, he has waived his issues related to the withdrawal of his PCRA counsel.[5]

In any event, James evidently had sufficient actual notice of his right to self-representation, and an adequate opportunity to respond to PCRA counsel's **Turner/Finley** letter and the court's Rule 907 notice. James submitted a timely, *pro se* response to the court's Rule 907 notice, reasserting his PCRA claims and raising PCRA counsel's ineffectiveness, before the court dismissed the petition.[6]

Furthermore, even if he had properly preserved the issue, we would find no merit to James' bald assertion that the court and counsel did not adequately

---

[5] **Cf. Bush**, 197 A.3d at 287 (declining to apply waiver where record did not reflect that court served Rule 1925(b) order on appellant and order did not advise appellant that failure to comply would result in waiver).

[6] **Commonwealth v. Bush**, upon which James relies, is inapposite. In that case, the record did not show whether the PCRA court served its Rule 907 notice on the petitioner, and the petitioner filed no response and sought to challenge PCRA counsel's withdrawal for the first time on appeal. We declined to find the petitioner waived the issue of PCRA counsel's ineffectiveness, and remanded so that the petitioner could respond to the Rule 907 notice and counsel's withdrawal. **See Bush**, 197 A.3d at 288. Here, James received and responded to the Rule 907 notice and specifically challenged his counsel's withdrawal.

review the record, allegedly violating due process and depriving the court of jurisdiction. His due process claim lacks a factual basis. The fact that counsel and the court did not find merit in James' PCRA claims is not evidence that either counsel or the court failed to review the record sufficiently. His jurisdictional claim lacks a basis in law. Any failing in the court's or counsel's review would have no effect on the court's jurisdiction.

Finally, James' claims that the court committed errors during his trial are not properly before us. James did not include these issues in his Rule 1925(b) Statement, and thus waived them. Moreover, his specific claims – alleged errors relating to allowing certain charges, grading his offenses, fashioning his sentence, and ruling on post-sentence motions – are not cognizable bases for PCRA relief. **See** 42 Pa.C.S.A. § 9543(a)(2). He further waived these issues because he could have raised them on direct appeal. **See** **id.** at § 9543(a)(3) (restricting PCRA claims to those where "the allegation of error has not been previously litigated or waived"); **Commonwealth v. Spotz**, 18 A.3d 244, 260-61 (Pa. 2011). We affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/20