J-S11021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D'AMBROSSE KANE GARLAND | : | |
| | : | |
| Appellant | : | No. 514 WDA 2021 |

Appeal from the PCRA Order Entered March 4, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0015121-2018

BEFORE:  PANELLA, P.J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: JUNE 27, 2022**

Appellant, D'Ambrosse Kane Garland, appeals from the order entered March 4, 2021, which denied his first petition filed pursuant to the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

Appellant's underlying convictions for murder in the third degree, robbery – inflicting serious bodily injury, conspiracy to commit robbery – inflicting serious bodily injury, firearms not to be carried, and persons not to possess firearms,[2] stem from an October 13, 2018 shooting death during the robbery of a Dominos pizza delivery driver.  The trial court appointed counsel to represent Appellant.  Appellant proceeded to a guilty plea hearing on

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 2502(c), 3701(a)(11), 903, 6106(a)(1), and 6105(c)(1), respectively.

October 2, 2019. Pursuant to a negotiated plea agreement, Appellant pled guilty to the aforementioned charges in exchange for a sentence of 20 to 40 years' incarceration with a 10-year period of probation to run consecutive to his incarceration.

Through responses to both oral and written colloquies undertaken during the plea hearing, Appellant acknowledged: his overall satisfaction with representation by counsel; his comprehension of the elements of each offense for which he entered a guilty plea; his understanding of the maximum penalty for each offense to which he pled guilty; his understanding of the nature of his plea and the rights he surrendered by entering a guilty plea, including his right to trial by a jury of his peers and his right to a presumption of innocence until found guilty beyond a reasonable doubt by a unanimous jury; his understanding that the entry of a guilty plea waived the right to appeal certain issues; confirmation that he received no promises or threats which caused him to plead guilty; and, that his decision to plead guilty was made voluntarily. *See* Guilty Plea Explanation of Defendant's Rights, 10/2/19; *see also* N.T. Guilty Plea, 10/2/19, at 5-15. After hearing Appellant's testimony and reviewing Appellant's responses to the foregoing inquiries, the trial court accepted Appellant's guilty plea as knowing and voluntary and immediately imposed the negotiated sentence. *Id.* at 15-16, 24. Appellant filed a timely *pro se* post-sentence motion requesting reconsideration of his negotiated

sentence, which was subsequently denied by operation of law. No appeals were filed.

On June 5, 2020, Appellant filed a *pro se* PCRA petition, his first, alleging that plea counsel's ineffectiveness caused him to enter into an invalid guilty plea. ***See*** PCRA Petition, 6/5/2020. The PCRA court appointed counsel, who subsequently filed a ***Turner/Finley***[3] no-merit letter and motion to withdraw as counsel on December 17, 2020. ***See Turner/Finley*** Letter, 12/17/20. The PCRA court simultaneously granted counsel's motion to withdraw and issued a Rule 907 notice of intent to dismiss without evidentiary hearing on December 28, 2020. ***See*** Rule 907 Notice of Intent to Dismiss, 12/28/20. Appellant failed to respond to the PCRA court's notice. Accordingly, on March 4, 2021, the PCRA court dismissed Appellant's PCRA petition without an evidentiary hearing. This appeal followed.[4]

Preliminarily, we must determine the timeliness of Appellant's appeal, as it implicates our jurisdiction. ***See Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal."). A notice of appeal must be filed within 30 days of the entry of the order from which the appeal is taken. Pa.R.A.P.

---

[3] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] After Appellant filed a *pro se* notice of appeal, the PCRA court appointed counsel to represent him. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

903. "In a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket." ***Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000); ***see also*** Pa.R.Crim.P. 108. Where a "review of the docket entries discloses no indication that the clerk furnished a copy of the order to [the a]ppellant[;] … we assume the period for taking an appeal was never triggered and the appeal is considered timely." ***Jerman***, 762 A.2d at 268.

Instantly, the PCRA court's order dismissing Appellant's PCRA petition was docketed on March 4, 2021; however, the docket does not indicate that Appellant was served with a copy of this order. Rather, the docket reflects that the order dismissing Appellant's petition was forwarded to PCRA counsel, even though the PCRA court allowed permitted counsel to withdraw over two months prior. ***See*** Rule 907 Notice of Intent to Dismiss, 12/28/20 (granting PCRA counsel's motion to withdraw). Thus, we find Appellant's notice of appeal timely, as the running of the 30-day deadline within which to appeal never began. ***See Commonwealth v. Bush***, 197 A.3d 285, 287-288 (Pa. Super. 2018); ***see also*** Pa.R.Crim.P. 114(B)(1) (requiring a copy of any order or court notice to promptly be served on a party if unrepresented).

Appellant raises the following issue for our review:

> Did the [PCRA] court abuse its discretion in denying the PCRA petition, as amended, without a hearing, and allowing PCRA counsel to withdraw, insofar as there was a genuine issue concerning material facts; specifically, that the guilty plea was not

knowingly and voluntarily entered because trial counsel was ineffective for failing to prepare for trial and consult with [Appellant] regarding the Commonwealth's evidence against him, rather counsel informed him that [counsel] would not represent [Appellant] if he did not accept the plea offer?

Appellant's Brief at 4 (extraneous capitalization omitted).

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

\* \* \*

It is well settled that there is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Maddrey*, 205 A.3d 323, 327-328 (Pa. Super. 2019)

(cleaned up; citations and quotation marks omitted).

In order to obtain relief based on an [ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Trial counsel is presumed to be effective, and [an a]ppellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

- 5 -

The right to constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

[Central] to the question of whether a defendant's plea was entered voluntarily and knowingly is the fact that the defendant know[s] and understand[s] the nature of the offenses charged in as plain a fashion as possible. A guilty plea is not a ceremony of innocence, it is an occasion where one offers a confession of guilt. Thus, a trial judge and, by extension, plea counsel is not required to go to unnecessary lengths to discuss every nuance of the law regarding a defendant's waiver of his right to a jury trial in order to render a guilty plea voluntary and knowing.

***Commonwealth v. Barndt***, 74 A.3d 185, 191- 193 (Pa. Super. 2013)

(cleaned up; quotation marks and citations omitted). Moreover,

[o]ur law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\*     \*     \*

The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

- 6 -

\*     \*     \*

A defendant who elects to plead guilty has a duty to answer questions truthfully. We cannot permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citations omitted). "The law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily, and intelligently made." ***Commonwealth v. Timchak***, 69 A.3d 765, 770 (Pa. Super. 2013) (internal citations and brackets omitted).

First, Appellant argues that plea counsel was ineffective for failing to consult with him regarding evidence against him or any defenses or strategies. ***See*** Appellant's Brief at 12. Second, Appellant argues that plea counsel "pressured him with the threat that he would withdraw if [Appellant] did not plead guilty[.]" ***Id.*** at 13 Such arguments directly contradict Appellant's statements within his oral and written guilty plea colloquies attesting to his thorough discussions with counsel, understanding of the charges and terms of his plea agreement, admission to the factual and evidentiary basis for the plea, satisfaction with counsel's services, voluntary entrance of the guilty plea, and denial that he was threatened, forced, or coerced to enter his guilty plea.[5]

---

[5] Moreover, we note that on April 15, 2019, the trial court prohibited plea counsel from giving Appellant copies of certain evidence due to Appellant's
*(Footnote Continued Next Page)*

*See* Guilty Plea Explanation of Defendant's Rights, 10/2/19, at 2, 5, 8, and 9-10; N.T. Guilty Plea and Sentencing, 10/2/19, at 6-7, 11, 15, and 16. Appellant is bound by his prior statements, thus his contrary arguments must fail. *Yeomans*, *supra*.

Because Appellant is bound by his statements within his written and oral colloquies, and because Appellant's sole arguments before this Court improperly seek only to contradict those statements made under oath, we conclude that Appellant failed to raise any issue of material fact that would warrant an evidentiary hearing. *Maddrey*, *supra*. Accordingly, the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2022

---

dissemination of that evidence over social media in his efforts to intimidate the witnesses against him. *See* Trial Court Order, 4/15/19. Appellant cannot now claim that plea counsel was ineffective for the consequence of his own bad faith acts, *i.e.*, that he never received copies of evidence prohibited from his view by the trial court.