J-S42010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES CRISE | : | |
| Appellant | : | No. 788 WDA 2022 |

Appeal from the PCRA Order Entered May 17, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0004502-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JAMES CRISE | : | |
| Appellant | : | No. 789 WDA 2022 |

Appeal from the PCRA Order Entered May 17, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0001899-2008

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED:  December 9, 2022**

James Crise appeals from the May 17, 2022 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Due to the nature of our holding, we will recite only the basic factual and procedural background of these cases.  At CP-65-CR-0004502-2008

_____

[*] Retired Senior Judge assigned to the Superior Court.

("Case No. 4502"), a jury found Appellant guilty of involuntary deviate sexual intercourse ("IDSI") and related offenses. In a separate jury trial, Appellant was convicted of sexual exploitation of children, criminal use of a communication facility, and related offenses at CP-65-CR-0001899-2008 ("Case No. 1899"). Since it is relevant to our disposition, we note that Appellant's convictions were based, in part, upon "evidence seized during a traffic stop and vehicle inventory search" that led to the discovery of two computers containing incriminating materials. Order and Memorandum, 4/29/22, at 2. Additionally, an individual named Henry Powell testified at Appellant's trial at Case No. 4502 that Appellant had "admitted to him while in jail that he had a sexual relationship with the 15-year-old victim." *Commonwealth v. Crise*, 229 A.3d 359 (Pa.Super. 2020) ("*Crise*") (unpublished memorandum at 3); *see also* N.T. Trial, 9/1/09, at 186-88. Powell also testified that he had not been "promised anything" by the Commonwealth in exchange for his testimony. *Id*. at 184.

On December 22, 2009, Appellant was sentenced at both cases to an aggregate term of twenty to fifty-five years of incarceration. Appellant filed separate direct appeals from his judgments of sentence, which this Court consolidated and affirmed. *See Commonwealth v. Crise*, 24 A.3d 455 (Pa.Super. 2011) (unpublished memorandum), *appeal denied*, 24 A.3d 863 (Pa. 2011). Appellant's judgment of sentence became final pursuant to the PCRA on October 17, 2011, when his time to appeal to the United States Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13(1).

- 2 -

Thereafter, Appellant filed several unsuccessful PCRA petitions. *See Crise*, *supra* at 2 n.1 (collecting cases). Most recently, this Court affirmed the dismissal of Appellant's fifth PCRA petition, which included claims that, *inter alia*, Powell had lied about the existence of a deal between himself and the Commonwealth. *Id*. at 6.

On December 16, 2021, Appellant filed a *pro se* PCRA petition in both cases, which forms the basis for this appeal. The filing asserted two claims for relief: (1) that Powell had allegedly "testified falsely under oath" by denying he had received anything from the Commonwealth in exchange for his testimony; and (2) that our Supreme Court's holding in *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020) recognized a "retroactive" constitutional right that should benefit Appellant in these cases.[1] PCRA Petition, 12/20/21, at 1-2 (unpaginated). Appellant also argued that all of his prior attorneys were ineffective for failing to raise the applicability of *Alexander* with respect to the computers seized from his car.

Appellant additionally submitted a request that counsel be appointed to represent him, which the PCRA court granted. Ultimately, PCRA counsel petitioned to withdraw based upon the petition's lack of merit pursuant to the

---

[1] In *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), our Supreme Court reaffirmed that the "Pennsylvania constitution requires both a showing of probable cause **and** exigent circumstances to justify a warrantless search of an automobile." *Id*. at 181 (emphasis added). In so doing, the Court overruled *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014), which adopted the federal automobile exception to the warrant requirement in Pennsylvania, allowing police to conduct a warrantless vehicle search based solely upon probable cause without the additional requirement of an exigency.

- 3 -

framework provided by **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988)
and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

The PCRA court filed notice of its intent to dismiss Appellant's petition
without a hearing pursuant to Pa.R.Crim.P 907, wherein it concluded that it
was untimely. **See** Order, 4/29/22, at 19. Appellant filed a *pro se* response
expounding upon his arguments. On May 17, 2022, the PCRA court entered
an order listing the docket numbers for both cases that dismissed Appellant's
PCRA petition and granted PCRA counsel's motion to withdraw. This order
advised Appellant that he had thirty days in which to file "any appeal." Order
and Memorandum, 5/17/22, at ¶ 3. On May 31, 2022, Appellant filed a single
timely, *pro se* notice of appeal listing the docket numbers for both cases.[2] On

---

[2] Our review of the certified record indicates that Appellant submitted a single
*pro se* notice of appeal, which was subsequently photocopied and filed at both
cases by the clerk of courts. **See** Notice of Appeal, 5/31/22, at 1. This filing
violated Pa.R.A.P. 341(a), which our Supreme Court has interpreted as
requiring that when "one or more orders resolves issues arising on more than
one docket or relating to more than one judgment, separate notices of appeals
must be filed[.]" **Commonwealth v. Walker**, 185 A.3d 969, 976 (Pa. 2018)
(cleaned up). Generally, it is within our discretion to either quash an appeal
for violation of this rule or to remand for correction pursuant to Pa.R.A.P. 902.
**See Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021).

However, our review leads us to conclude that Appellant's erroneous filing
was precipitated by a breakdown in court processes, namely, the PCRA court's
use of the singular "appeal" in its dismissal order erroneously led Appellant to
believe that he need only file a single notice of appeal. **See** Order, 5/17/22,
at ¶ 3. Since this "misstatement" concerned the "manner that Appellant could
effectuate an appeal from the PCRA court's order," we will "overlook the
defective nature of Appellant's timely notice of appeal rather than quash
pursuant to **Walker**" or remand pursuant to **Young**. **Commonwealth v.
Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019).

June 9, 2022, the PCRA court filed an order directing Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b) within twenty-one days of the filing. Appellant did not immediately respond. On July 5, 2022, the trial court filed a statement in lieu of a Rule 1925(a) opinion, referring to the extensive reasoning presented in its April 29, 2022 order and memorandum. The same day, Appellant filed a Rule 1925(b) statement.[3] We have consolidated these appeals *sua sponte*.

Appellant has raised the following issues for our consideration:

A. Did the Commonwealth hide information of deals between itself and witnesses in order to unfairly gain an edge during trial?

B. Was counsel ineffective for failing to properly plead the merits of suppression, rendering ineffective assistance of counsel?

Appellant's brief at 4 (issues reordered).

We begin with a review of the pertinent law. On appeal from the denial of PCRA relief, "our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa.Super. 2014). Before considering the merits of Appellant's claims for relief, we must assess the timeliness of his PCRA petition. *See Commonwealth v. Howard*,

---

[3] We note that the trial court's order directing Appellant to file a Rule 1925(b) statement did not comply with Pa.R.A.P. 1925(b)(3)(iv) as it failed to advise Appellant that issues not raised in the statement would be deemed waived. *See* Order, 6/9/22, at 1-2. This deficiency in the underlying order would likely preclude a finding of waiver. *See Commonwealth v. Bush*, 197 A.3d 285, 287 (Pa.Super. 2018).

___ A.3d ___, 2022 WL 16826744 at *3 (Pa.Super. Nov. 9, 2022) ("[T]he PCRA's time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.").

Timeliness in this context is governed by 42 Pa.C.S. § 9545(b), which provides as follows:

**(b) Time for filing petition.**—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S. § 9545(b)(1)-(3). There is no question that Appellant's petition is facially untimely as his judgment of sentence became final more than ten years ago. Thus, he must plead and prove one of the exceptions noted above.

Appellant's first timeliness argument concerns the allegedly false testimony of Powell regarding the absence of a deal with the Commonwealth. *See* N.T. Trial, 9/1/09, at 184. Appellant's arguments on this point implicate the timeliness exception at § 9545(b)(1)(ii), which has two components: "(1) the **facts** upon which the claim was predicated were unknown and (2) could not have been ascertained by the exercise of due diligence." *Commonwealth v. Peterson*, 192 A.3d 1123, 1128-29 (Pa. 2018) (emphasis in original).

Appellant claimed to have first discovered that Powell lied concerning an alleged deal between himself and the Commonwealth on November 30, 2021, while researching other cases in which Powell had provided jailhouse testimony. *See* Response to Rule 907 Notice, 5/16/22, at 3. However, Appellant's averment is fully belied by the certified record. Specifically, Appellant raised this exact claim in *Crise*, wherein he claimed that he had learned of this purported lie in 2018. *Crise*, *supra* at 3 (indicating that Appellant argued his petition was timely pursuant to § 9545(b)(1)(ii) by "asserting that he learned of a 'deal' between the Commonwealth and Powell in 2018"). Thus, it is clear that the facts underlying Appellant's arguments concerning Powell's testimony were not "unknown" within the meaning of § 9545(b)(1)(ii). At most, Appellant has discovered a new source for an

already-known fact, which does not entitle him to the benefit of this exception. *See Commonwealth v. Smallwood*, 155 A.3d 1054, 1067 (Pa.Super. 2017) ("[A] petitioner must allege and prove previously unknown facts, **not merely a newly discovered or newly willing source for previously known facts**.") (cleaned up; emphasis in original). Therefore, the newly-discovered facts exception does not render Appellant's petition timely.

Appellant's second timeliness claim concerns the exception at § 9545(b)(1)(ii), which requires that a petitioner plead and prove that his claims for relief implicate a retroactive constitutional right, *i.e.*, a right that was recognized by either the Pennsylvania or United States Supreme Court after the expiration of the petitioner's time in which to file a PCRA petition, but which has been explicitly held to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(iii). Here, Appellant asserts that our Supreme Court announced a new, retroactive constitutional right in *Alexander*. We must disagree.

Appellant's discussion of this particular issue is woefully deficient. His brief to this Court focuses exclusively upon the underlying merits of his allegations, without addressing the issues critical to timeliness, *i.e.*, the retroactivity of *Alexander*. Furthermore, Appellant has not cited any legal authority in support of his contention that *Alexander* has retroactive effect within the meaning of § 9545(b)(1)(iii). As our Supreme Court has held, "it is well settled that a new constitutional right must already have 'been held' by [our Supreme Court] to apply retroactively prior to the filing of the subject

petition in order for [§] 9545(b)(1)(iii) to apply." *Commonwealth v. Taylor*, 283 A.3d 178, 188 (Pa. 2022). Instantly, Appellant has cited no such precedent in support of his contention and our review of the applicable case law has also uncovered no holdings to that effect.[4] Thus, we conclude that Appellant has failed to plead and prove that he is entitled to the benefit of § 9545(b)(1)(iii).[5] *See Taylor*, *supra* at 188 ("In the absence of such a preexisting holding, [petitioner] has failed to establish the applicability of the newly recognized constitutional right exception[.]").

---

[4] To the contrary, this Court has already concluded that we should decline to apply *Alexander* retroactively in cases where the defendant "did not preserve a challenge to the application of the automobile exception and the existence of exigent circumstances" in the trial court prior to the announcement of this new precedent. *Commonwealth v. Heidelberg*, 267 A.3d 492, 503 (Pa.Super. 2021) (*en banc*). Instantly, Appellant did not preserve any such claim. Indeed, Appellant's judgments of sentence predate by five years the holding in *Gary*, which *Alexander* overruled.

[5] In his brief to this Court, Appellant has arguably raised ineffectiveness allegations against PCRA counsel who was appointed to represent him in this appeal but, ultimately, withdrew. *See* Appellant's brief at 5. We discern that Appellant asserts PCRA counsel was ineffective for failing to raise claims concerning prior counsel's failure to seek relief pursuant to *Alexander*. *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021) provides that a PCRA petitioner "may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." However, *Bradley* involved a timely, first PCRA petition. Thus, it "does not sanction extra-statutory serial petitions." *Id*. at 381 (Dougherty, J., concurring). Accordingly, this Court has declined to apply *Bradley* in the context of untimely, serial PCRA petitions like the one at bar. *See Commonwealth v. Gurdine*, 273 A.3d 1076 (Pa.Super. 2022) (non-precedential decision at 9 n.14). To the extent Appellant seeks to argue PCRA counsel's ineffectiveness, we decline to address his claim under *Bradley*.

Overall, Appellant has failed to plead and prove that his petition is subject to one of the PCRA timeliness exceptions. Accordingly, we find no abuse of discretion or error of law in the PCRA court's conclusion that it lacked jurisdiction to consider the merits of Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2022