J-S26011-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KWILSON COLEMAN | : | |
| | : | |
| Appellant | : | No. 1455 MDA 2023 |

Appeal from the PCRA Order Entered September 22, 2023
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0000448-2009

BEFORE:  PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, P.J.E.:         **FILED: OCTOBER 7, 2024**

Kwilson Coleman appeals *pro se* from the order entered on September 22, 2023, in the York County Court of Common Pleas, denying Coleman's first, timely petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Coleman was convicted of first and third-degree murder after a jury trial for the shooting death of Greg Wright.[1] Because Coleman was 17 years old at the time he shot Wright, the trial court sentenced Coleman to 56 years to life in prison for his conviction of first-degree murder. Coleman filed a timely appeal, and we affirmed. ***See Commonwealth v. Coleman***, 1415 MDA 2019

---

[1] We note this was Coleman's second jury trial after the Commonwealth agreed the interests of justice required a new trial during the pendency of Coleman's federal writ of *habeas corpus*.

(Pa. Super. filed Nov. 19, 2020) (unpublished memorandum). Our Supreme Court denied allocator on June 2, 2022. **See Commonwealth v. Coleman**, 279 A.3d 500 (Pa. 2022). Coleman filed a timely PCRA petition on August 8, 2022. Counsel was appointed and on October 18, 2022, filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) ("**Turner**/**Finley**"). The PCRA court issued a Rule 907 notice of intent to dismiss and granted counsel's request to withdraw on June 30, 2023. Coleman filed *pro se* objections, where he re-asserted some claims from his *pro se* PCRA petition, raised new claims not included in his *pro se* PCRA petition, and argued the court violated his "due process right to be heard" under **Commonwealth v. Bush**, 197 A.3d 285 (Pa. Super. 2018). Defense Objections to Counsel's Motion to Withdraw, 7/13/23, at 1-5. On September 22, 2023, the PCRA court denied Coleman's PCRA petition. Coleman timely appealed.[2]

Coleman raises the following issues:

---

[2] Coleman did not file a Rule 1925(b) statement although ordered to do so. The PCRA court and the Commonwealth both assert Coleman waived his issues by failing to file a court-ordered Rule 1925(b) statement. **See** Trial Court Opinion, 11/30/23, at 1; Appellee's Brief, at 8-10. However, our review of the certified record does not show Coleman received the PCRA court's order. The docket indicates the "Concise Statement Order" was "Returned – Undeliverable." There is no notation on the docket showing a second attempt at service. We decline to find waiver as we cannot confirm Coleman received the PCRA court's order. **See** Pa.R.Crim.P. 114(B)(3)(a)(v).

Did the lower court grant appointed counsel request to withdraw, on same date of giving (sic) [Coleman] [R]ule 907 notice to dismiss violating due process of law?

Did both PCRA court and [] appointed counsel comply with *Finley*/*Turner* decisions to review independently record for meritorious claims?

Appellant's Brief, at 4 (numbering removed).

Although Coleman presents two questions for our review, he includes only one argument section. Further, Coleman's entire argument is one page long. "[T]his Court is willing to construe liberally materials filed by a *pro se* litigant, [however] a *pro se* appellant enjoys no special benefit. … This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citations and quotation marks omitted). While we could find Coleman's claims waived for failure to comply with our Rules, we will attempt to address what we can parse from his brief argument. *See id.* (noting when briefs are inadequate for meaningful review, this Court will not consider the merits and find the issues waived).

We can decipher two related claims from Coleman's questions presented and argument: (1) the PCRA court erred in granting counsel's request to withdraw in its Rule 907 notice of intent to dismiss, and (2) PCRA counsel failed to conduct a thorough review of the record for any other potential PCRA claims, specifically, PCRA counsel should have discovered and argued that Coleman was incompetent to proceed to trial. *See* Appellant's Brief, at 4, 7.

"We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Kelsey***, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted).

First, Coleman argues the PCRA court erred by granting counsel's request to withdraw in its Rule 907 notice of intent to dismiss and cites to ***Bush***, 197 A.3d 285, to support his position. ***See*** Appellant's Brief, at 7. This Court in ***Bush*** found the appellant did not have an opportunity to respond to counsel's ***Turner***/***Finley*** letter because counsel did not comply with the requirements of ***Turner***/***Finley*** and the court granted counsel's request to withdraw three days after it was filed. ***See Bush***, 197 A.3d at 287-288. Counsel in ***Bush*** did not comply with the dictates of ***Turner***/***Finley*** as he failed to correctly advise appellant that he may proceed *pro se* or by new counsel before the request to withdraw was granted. ***See id.*** We therefore remanded the matter to the PCRA court to allow the appellant "to raise any and all objections he may have to the withdrawal of PCRA counsel and the dismissal of his petition." ***Id.*** at 288. ***Bush*** is distinguishable.

Counsel filed her ***Turner***/***Finley*** letter on October 18, 2022. Within her letter to Coleman, she advised him "you may choose now to proceed *pro se*, to privately retain counsel, or to not proceed with this claim under the Post-Conviction Relief Act." ***See*** Motion to Withdraw under the Post-Conviction Relief Act, 10/18/22, at Exhibit A. Counsel's ***Turner***/***Finley*** letter correctly

advised Coleman in the manners in which he could have proceeded. It did not, as counsel in **Bush** incorrectly advised his client, state appellant could proceed only after withdrawal was granted. **See Bush**, 197 A.3d at 288. Furthermore, unlike **Bush**, Coleman had time to respond to counsel's **Turner**/**Finley** letter as the PCRA court did not grant counsel's request to withdraw until June 30, 2023—approximately eight months later. Therefore, this issue does not merit relief.

The only other claim we can discern from Coleman's brief is an assertion that PCRA counsel failed to conduct a thorough review and discover that Coleman was incompetent to stand trial. **See** Appellant's Brief, at 7. Coleman asserts "[i]f the court and counsel truely (sic) reviewed the record, a competency evaluation would have been sought." Appellant's Brief, at 7. Coleman fails to point us to what portion of the record would indicate a competency evaluation was necessary. **See** Pa.R.A.P. 2119(c) (the argument must include "a reference to the place in the record where the matter referred to appears."). As Coleman failed to develop this argument with citations to the portions of the record that supports his belief that a competency evaluation was necessary, we find the claim waived. **See** Pa.R.A.P. 2101 ("if the defects … are substantial, the appeal or other matter may be quashed or dismissed."); **Commonwealth v. Smith**, 985 A.2d 886, 906-07 (Pa. 2009) ("by failing to properly develop his argument, with proper citation to the record, Appellant has waived his claim.") (citation omitted).

Even if we did not find waiver, Coleman would not be entitled to relief. Our review of the record confirms that Coleman suffers from forms of mental health issues, but nothing indicates he was incompetent to stand trial. *See* N.T. Trial, 7/17/18, at 208-12 (colloquy of Coleman regarding his decision whether to testify); N.T. Sentencing, 4/4/19, at 2-18 (Coleman's testimony at sentencing). Both during trial and sentencing, Coleman provided reasonable, responsive answers to questions posed to him. *See id.* After a close review of the record from the trial court, we cannot find anything that would support the contention that Coleman was not competent to stand trial. Nor has Coleman directed us to anything. PCRA Counsel informed both the PCRA court and Coleman in her *Turner/Finley* letter she reviewed the transcripts of proceedings and Coleman's correspondence and found no meritorious claims. *See* Motion to Withdraw under the Post-Conviction Relief Act, 10/18/22, at ¶ 12, Exhibit A. As such, this issue, even if not waived, would not entitle Coleman to relief.

Based on the foregoing, we affirm the order denying Coleman's PCRA petition.

Order affirmed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/7/2024