J-S01008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY FLETCHER | : | |
| | : | |
| Appellant | : | No. 297 WDA 2025 |

Appeal from the PCRA Order Entered January 29, 2025
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0004877-2021

BEFORE:   BOWES, J., PANELLA, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: FEBRUARY 11, 2026**

Anthony Fletcher appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We vacate and remand for further proceedings consistent with this memorandum.

Given our disposition, a detailed case history is not required.  In short, Appellant is serving a sentence of fifty to one hundred years of incarceration imposed upon convictions related to the extensive sexual abuse of his stepdaughter.  His direct appeal garnered him no relief.  ***See Commonwealth v. Fletcher***, 307 A.3d 742 (Pa.Super. 2023), *appeal denied*, 318 A.3d 384 (Pa. 2024).

---

[*] Former Justice specially assigned to the Superior Court.

Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed Thomas N. Farrell, Esquire, as counsel and granted his request for an extension of time to file an amended petition. Ultimately, counsel instead filed a motion for leave to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Upon review of Attorney Farrell's filing, the PCRA court issued an order indicating its intent to dismiss the *pro se* petition without a hearing based upon agreement with counsel that the claims alleged therein lacked merit. ***See*** Order, 1/6/25. Critically, the docket entry for the order reflects that it was served electronically upon the offices of the District Attorney, the Public Defender, and Conflict Counsel, but not upon Appellant by any means.[1]

Appellant acknowledged receipt of counsel's withdrawal request in a motion dated January 9, 2025, and docketed January 16, 2025, and sought the appointment of new counsel. Appellant alleged that Attorney Farrell refused to communicate with him, specifically by declining to answer any letters or calls from Appellant or his family members regarding issues he wanted to raise. By order dated January 29, 2025, the PCRA court granted Attorney Farrell's motion to withdraw, dismissed the *pro se* PCRA petition, and

---

[1] Attorney Farrell's filings list an address with a private law firm, and do not suggest that he worked in the office of the Public Defender or Conflict Counsel.

summarily denied Appellant's request for new counsel.[2]    Once again, the docket entry for the order fails to indicate service on Appellant, only listing the government offices as recipients.

Having apparently received the dismissal order from some source not indicated on the docket, Appellant requested an extension of time to file his appeal.  Receiving no response, Appellant mailed a *pro se* notice of appeal dated February 28, 2025, which was docketed on March 13, 2025.[3] The PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  Once again, the order was not docketed to reflect service upon Appellant.[4]  Nonetheless, he promptly filed a seven-page, 107-issue statement citing allegations of ineffective assistance of counsel related to his trial, sentencing, direct appeal, and PCRA proceedings, along with averments of prosecutorial misconduct and trial court error.[5]

_____

[2] Appellant sent a letter to the PCRA court dated January 25, 2025, seeking to proceed with his petition *pro se* if Attorney Farrell was permitted to withdraw and no new counsel was appointed.  However, the letter was not docketed until after the PCRA court dismissed Appellant's petition.

[3] The certified record does not contain the postmarked envelope in which Appellant mailed the notice.

[4] The Rule 1925(b) order is dated March 17, 2025, and was filed the following day.  The docket indicates that it was served nine days later upon the three government attorney offices referenced above.

[5] The statement is stamped as having been filed on the nonexistent date of March 32, 2025, but the docket reflects a filing date of April 1, 2025.

The PCRA court authored a Rule 1925(a) opinion suggesting that the appeal was untimely even when applying the prisoner mailbox rule, citing the lack of objective proof of when Appellant delivered the notice to prison authorities for mailing and the likelihood that Appellant had backdated the notice.[6]  ***See*** PCRA Court Opinion, 5/8/25, at 3-4.  The court further opined that Appellant waived all his appellate issues for failing to comply with Rule 1925(b).  The court's basis for waiver was not, as one might expect, that Appellant's statement was prolix.[7]  Rather, the PCRA court was under the mistaken impression that Appellant's statement was untimely filed on April 22, 2025, rather than on April 1, 2025, when it was received and docketed by the court.  ***See*** PCRA Court Opinion, 5/8/25, at 4-5.

In this Court, Appellant filed a brief listing thirteen allegations of PCRA court error and nineteen claims regarding Attorney Farrell's purportedly deficient performance.  Among them are claims that PCRA counsel's no-merit letter was legally insufficient, that the PCRA court failed to appreciate Appellant's complaints about Attorney Farrell's failure to discuss the issues he

_____

[6] ***See***, ***e.g.***, ***Commonwealth v. Chambers***, 35 A.3d 34, 38 (Pa.Super. 2011) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing.").

[7] ***See***, ***e.g.***, ***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1040 (Pa.Super. 2018) (observing that waiver is appropriate when an appellant in bad faith filed a prolix statement in "a deliberate attempt to circumvent the meaning and purpose of Rule 1925(b) and to overwhelm the court system" (cleaned up)).

- 4 -

wished to raise in the petition, and the court erroneously neglected to serve him with the Rule 907 notice. **See** Appellant's brief at 6-8. In its brief, the Commonwealth advocates for affirming the PCRA court's dismissal because, *inter alia*, "[A]ppellant did not file a response to the PCRA court's notice to dismiss raising any new issues," and therefore he "cannot raise new claims of trial or appellate counsels' ineffectiveness to this Court that were not . . . raised in his PCRA petition." Commonwealth's brief at 9.

Appellant has also submitted two applications for relief. The first asks that we take judicial notice of a host of facts germane to his underlying convictions. **See** Motion for Judicial Notice of Adjudicative Facts, 1/12/26, at 2-3. The second seeks relief *nunc pro tunc* for the PCRA court's failure to serve its Rule 907 notice upon Appellant. Therein, he argues, among other things, that the court's omission denied him the opportunities to seek to amend his petition or to challenge PCRA counsel's refusals to communicate with him and raise and address all his issues. **See** Motion for *Nunc Pro Tunc* Relief, 1/20/26, at 2.

Before we turn to the substance of any of the matters before us, we first consider whether the appeal was timely such that we have jurisdiction to address its merits. **See**, **e.g.**, **Commonwealth v. Williams**, 125 A.3d 425, 428 (Pa.Super. 2015) ("It is axiomatic that the timeliness of an appeal is jurisdictional and non-waivable."). Here, the PCRA court deemed Appellant's notice of appeal to be untimely because it was not submitted within thirty days

of its order dismissing his petition. However, the PCRA court did not utilize the proper framework for assessing the time by which Appellant was required to file his appeal. As this Court has explained:

> The time for the filing of a notice of appeal runs from the order's "entry." [Pa.R.A.P. 903(a).] "Entry" of an order in a criminal case occurs for present purposes on the day the clerk of the trial court "mails or delivers copies of the order to the parties[.]" Pa.R.A.P. 108(a)(1), (d)(1). Where, as here, the court dismisses a PCRA petition without a hearing, the judge must advise the petitioner of certain things by specified means and effectuate service "as provided in Rule of Criminal Procedure 114." Pa.R.Crim.P. 907(4). Rule 114 requires the trial court to serve copies of the order "on each party's attorney, or the party if unrepresented," and record the date of service on the docket. **See** Pa.R.Crim.P. 114(B)(1), (C)(2)(c).

**Commonwealth v. Midgley**, 289 A.3d 1111, 1116 (Pa.Super. 2023).

As detailed above, the docket entry for the order allowing counsel to withdraw and dismissing Appellant's petition contains no reference to service upon him at all, let alone by the manner dictated by Pa.R.Crim.P. 907(4) (requiring that a PCRA court advise the defendant of the dismissal of his petition without a hearing by certified mail, return receipt requested, and that the dismissal order must be served in accordance with Rule 114). Since the order was never entered for purposes of triggering Appellant's time to appeal, his notice of appeal was not untimely, regardless of when it was mailed. Consequently, we have jurisdiction to entertain this appeal. **Accord Midgley**, 289 A.3d at 1117 ("Here, the trial court docket states that the order dismissing Midgley's petition was sent to prior PCRA counsel, even though by that point Midgley was proceeding *pro se*. The docket contains no corresponding

notation recording service of the order upon Midgley (or the date of service). These failings contravened Rule 114. We will therefore consider his appeal timely.").

We likewise reject the PCRA court's determination that Appellant's issues are waived through operation of Pa.R.A.P. 1925(b). Contrary to the court's representation, the statement was filed not on April 22, 2025, but no later than when it was docketed on April 1, 2025, which was within the twenty-one-day period specified by the court. Moreover, the court's Rule 1925(b) order was not enforceable. First, as mentioned, it was not properly entered or served upon Appellant. Additionally, the order advised Appellant that failure to comply "**may** be considered by the appellate court as a waiver of all objections, to the order, ruling, or other matters complained of." Rule 1925(b) Order, 3/18/25, at 2 (emphasis added, unnecessary capitalization omitted). However, the rule requires the court's order to advise an appellant "that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) **shall** be deemed waived." Pa.R.A.P. 1925(b)(3)(iv) (emphasis added). Either one of these defects alone precludes application of Rule 1925(b) waiver. *See Commonwealth v. Jones*, 193 A.3d 957, 963 (Pa.Super. 2018) (holding waiver did not apply where the order indicated that it "may" rather than "shall" result); *Commonwealth v. Chester*, 163 A.3d 470, 472 (Pa.Super. 2017) (rejecting waiver where service upon the appellant was not recorded on the docket).

- 7 -

Having confirmed our jurisdiction and the inapplicability of Rule 1925(b) waiver, we turn to an issue raised both in Appellant's brief and his second application for relief, namely, the fact that the PCRA court's Rule 907 notice was not served upon him. As noted, he maintains that the omission deprived him of the ability to seek to amend his petition to challenge Attorney Farrell's no-merit analysis and to raise issues not addressed by Attorney Farrell. **See** Appellant's brief at 22-28; Motion for *Nunc Pro Tunc* Relief, 1/20/26, at 2.

We have observed that "due process requires that the post[-]conviction process be fundamentally fair. Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." **Commonwealth v. Bush**, 197 A.3d 285, 288 (Pa.Super. 2018) (cleaned up). Additionally, "[g]iven the rule-based right to effective assistance of counsel, as well as the crucial nature of post-conviction representation," first-time PCRA petitioners have the right "to raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." **Commonwealth v. Bradley**, 261 A.3d 381, 401, 405 (Pa. 2021).

Our review of the certified record indicates that Appellant's rights in these regards have not been fully respected. Indeed, the situation appears to be akin to that in **Bush**, in which we stated:

> In this case, Appellant was denied the opportunity to advocate for himself as to his claims and counsel's compliance with **Turner** and **Finley** before the PCRA court ruled that the petition lacked merit and allowed counsel to withdraw. Further, we are uncomfortable finding waiver based upon Appellant's failure to file objections to the PCRA court's notice of intent to dismiss when the record does

not show that the notice was served on Appellant, let alone that it was served in a timely manner.

We therefore vacate the trial court's order dismissing Appellant's petition. Upon remand, the PCRA court shall enter an order, in full compliance with Pa.R.Crim.P. 114, instructing Appellant to raise any and all objections he may have to the withdrawal of PCRA counsel and the dismissal of his petition. If the PCRA court concludes that Appellant identifies any arguably-meritorious issue, it shall appoint new counsel for the filing of an amended petition. If the PCRA court concludes that Appellant failed to assert any issues of merit, then it shall dismiss his petition by order that is entered in full compliance with Pa.R.Crim.P. 114, and Appellant may file a new appeal from that order.

*Bush*, 197 A.3d at 288.

We find that the same result should pertain here. Accordingly, we grant Appellant's January 20, 2026 application for relief insofar as we vacate the order dismissing Appellant's PCRA petition and remand for the PCRA court to enter a Rule 114-compliant order directing Appellant to raise his challenges to Attorney Farrell's performance and *Turner*/*Finley* withdrawal, as well as any other objections he has to the dismissal of his petition without a hearing.[8]

Should any of Appellant's complaints identify arguably-meritorious *Bradley* claims or previously-unaddressed issues that Appellant wishes to raise, the PCRA court shall appoint new PCRA counsel to assist Appellant in

---

[8] We deny Appellant's January 12, 2026 application, seeking us to take judicial notice of certain facts, as moot.

litigating them.[9] If, after considering his objections, the PCRA court instead determines that dismissal remains apt, it shall do so in compliance with Rules 907 and 114.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/11/2026

---

[9] Since the Rule 907 service defect requires remand in any event, we decline to examine in the first instance whether any of Appellant's **Bradley** claims against Attorney Farrell states a *prima facie* case of ineffectiveness that can be resolved on the existing record.

- 10 -